OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The defendant and his companion were first seen by the police running into a busy intersection and frantically waving their arms and jumping in front of vehicles to stop either a passing car or taxicab. The police observed that the two men kept looking back towards the area they came from as they attempted to stop the cars. They soon succeeded in hailing a "gypsy” cab.
 

 The officers had reason to suspect that the defendant and his companion were either victims or perpetrators of a recently committed crime by virtue of their hasty and singular manner of departure. Indeed the hearing court specifically found that the officers reasonably believed that the men were in distress.
 

 As the officers in their car approached the cab to make inquiry, and while the cab was still moving, the defendant and his companion attempted to leave the cab but were unable to do so. The police then observed the defendant take off his coat and throw it toward and partially out of one of the open cab doors. Twice one of the police officers asked defendant’s companion what was happening and received no response; finally the companion said "Nothing, we didn’t do nothing.” The officer then picked up the coat which defendant had thrown partially out of the cab and was aware that one side was weighted. He touched the pocket and felt the outline of a gun which, it was subsequently determined, belonged to defendant.
 

 We believe the Appellate Division was correct in its analysis that the stop by the police was permissible by virtue of the initial and frantic behavior of the defendant and his companion. The subsequent actions of the defendant in hastily exiting from the cab, in the throwing of his coat and the evasive answers of this companion provided police with further reason to pursue their search of defendant’s discarded jacket which resulted in the recovery of the weapon.
 

 
 *825
 
 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
 

 Order affirmed in a memorandum.