OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed.
At 4:30 a.m. on January 29, 1976 and shortly before the defendant was arrested, two police officers observed that a portion of the storefront at 510 Fulton Street in Brooklyn, occupied by the J. W. Mays Department Stores, had been shattered and that property was scattered and had been removed from the premises. At this hour the area is deserted, but is an area which has experienced a number of store burglaries. The officers secured the premises, notified the store’s representative of the burglary, and when he arrived they resumed their patrol duties. They then observed an unmarked closed van (the only vehicle on the street) turning left onto Fulton Street some 200 feet from the scene of the prior burglary. The vehicle halted momentarily, and the officers saw an unidentified man suddenly appear and hurriedly enter the front of the van as a passenger. The van continued along, traveling a route that put it near the place where the police had first spotted it.
At this point the police stopped the vehicle and the driver, the defendant herein, exited from it. He appeared nervous and excited, and when asked for his license, which he produced together with a rental receipt for the van, he stated he was on his way to Red Hook which, as found by the hearing court, was in the opposite direction from that which the vehicle was traveling. The police officer, noting that the defendant was agitated, asked him, "what was in the truck?” Defendant replied, "No, nothing. You can’t see in there”. At this point the van’s other known occupant was observed fleeing on foot. The defendant driver was handcuffed and the rear of the van was opened over the resistance of two males who were found inside. Also found in the van were burglar’s tools and the proceeds of the burglary at the nearby establishment. In these circumstances, the initial stop by the police was permissible; and the actions of the van’s driver and the fleeing passenger together with the knowledge that a burglary had only recently been committed in the area gave the police reason to suspect that the van’s occupants had been engaged in conduct in violation of the law (see, e.g., People v Hutchinson, 47 NY2d 823; People v Sobotker, 43 NY2d 559, 563; People v *984 Ingle, 36 NY2d 413, 418). The subsequent flight by the passenger when the van was stopped by the officers along with the other background information provided the necessary predicate for the more complete search of the van which uncovered the inculpatory evidence.
Inasmuch as the Appellate Division reversal was on the law (CPL 470.25, subd 2, par [d]), there must be a remittal for a review of the facts (CPL 470.40, subd 2, par [b]). Accordingly, the order of the Appellate Division should be reversed and the matter remitted to that court for review of the facts.