■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HARRIS, Appellant. [598 NYS2d 986] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered March 31, 1992, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to the police.

Ordered that the judgment is affirmed.

The charge arose out of an incident on October 28, 1991, when the victim was walking home from high school along Fifth Avenue in Brentwood, New York. The defendant approached the victim and proceeded to stick an object against the victim's side and rob him of several pieces of gold jewelry and his wallet.

On appeal, the defendant contends that the showup identification procedure employed was unduly suggestive. Generally, the findings of fact made by the hearing court are entitled to great weight, and should not be disturbed when they are supported by the record *(see, e.g., People v Duncan,* 75 AD2d 823, 824). Here, the showup was promptly done in close proximity to the crime scene and, therefore, it was permissible *(see, People v Duuvon,* 77 NY2d 541). In addition, we disagree with the defendant's contention that the police impermissibly arrested him without a warrant in violation of *Payton v New York* (445 US 573). The hearing testimony in this case supports the court's conclusion that the defendant was lawfully arrested as part of a continuous pursuit by the police which originated in a public place, and, therefore, the hearing court's ruling was proper *(see, People v Thomas,* 164 AD2d 874). Further, we agree with the determination of the hearing court that the defendant was properly advised of his *Miranda* rights and that his statements to the police were voluntarily made *(see, People v Casiano,* 123 AD2d 712).

We find that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Miller, J. P., O'Brien, Copertino and Joy, JJ., concur.