■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTON BROWN, Appellant. [729 NYS2d 763] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered February 24, 1997, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

In the evening of November 20, 1995, the defendant was shot several times in the legs and buttocks by a patron of the bar that he and his five codefendants were attempting to rob of lottery proceeds. According to a detective who testified at the *Huntley* hearing (*see, People v Huntley,* 15 NY2d 72), the defendant was not in a condition to be interviewed prior to undergoing surgery for his wounds. The detective returned to the hospital the next morning after a nurse advised him that the defendant was out of surgery and could speak to him. The detective observed that the defendant was "uncomfortable" but alert and coherent at 10:30 A.M. when he waived his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436). The defendant made a detailed statement regarding his participation in the

robbery. At 2:30 P.M., the defendant audiotaped a statement for an Assistant District Attorney. The audiotape was played for the court.

There was sufficient evidence to support the hearing court's determination that the defendant's statements were voluntary (*see, People v May,* 263 AD2d 215, 219; *People v Howard,* 256 AD2d 1170; *People v Rodriguez,* 231 AD2d 650; *People v Ragin,* 224 AD2d 642). The defendant contends that the hearing court's decision was erroneous as it characterized his condition as "not * * * serious," suggesting that the court confused him with another hospitalized codefendant. We find that the decision, as a whole, accurately addressed the evidence concerning the defendant and supports the hearing court's determination that his waiver was knowing, voluntary, and intelligent.

The defendant contends that his attorney failed to provide meaningful representation because he did not submit his hospital records or offer medical testimony at the *Huntley* hearing (*see, People v Huntley, supra*) regarding the effects of the medication he received. However, "counsel's efforts should not be second-guessed with the clarity of hindsight to determine how the defense might have been more effective" (*People v Benevento,* 91 NY2d 708, 712). We note that the defendant's hospital records, which were submitted at the trial, include a notation that he was alert at 7:00 A.M. and at 10:00 A.M., prior to his statements to the detective.

In his *pro se* supplemental brief, the defendant contends that his attorney was ineffective for failing to move to suppress his statements on the ground that the police did not have probable cause for his arrest. He claims that the hospital record indicates that he was handcuffed to the bed before he made any incriminating statements. This contention is without merit. The hospital record first mentions that he was handcuffed to the bed at 2:00 P.M., and the detective who interviewed the defendant in the hospital testified that he was not under arrest until he made incriminating statements at the 10:30 A.M. interview.

The defendant's remaining contention is without merit. O'Brien, J. P., Altman, Feuerstein and Cozier, JJ., concur.