■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WILCOX, Appellant. [744 NYS2d 272] —Appeal from a judgment of Ontario County Court (Doran, J.), entered May 1, 2001, convicting defendant upon his plea of guilty of, inter alia, criminal possession of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and one count each of criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]), unlawful possession of marijuana (§ 221.05) and resisting arrest (§ 205.30). Defendant was sentenced as a second felony offender to concurrent terms of imprisonment, the longest of which is 6 to 12 years. We reject the contention of defendant that he was denied his statutory right to a speedy trial. Although defendant was not tried until approximately 10 months after the commencement of the criminal action, a portion of the delay resulted from defendant's requests for a preliminary hearing (*see People v Pressley,* 115 AD2d 228, 228-229) and two pre-plea investigations (*see People v Friscia,* 51 NY2d 845, 847), and the remaining portion resulted from the unavailability of a transcript requested by defendant (*see People v Williams,* 278 AD2d 44, *lv denied* 96 NY2d 764). Thus, we conclude that the People properly announced their readiness for trial within the statutory period (*see* CPL 30.30 [1] [a]).

Contrary to defendant's further contention, County Court properly determined that the police had the requisite reasonable suspicion to support the stop of the vehicle in which defendant was a passenger and probable cause to arrest defendant. The vehicle was first seen by an officer patrolling the area near a construction site that had been the subject of several recent burglar alarms. The vehicle was parked illegally and, as the patrol car approached, the driver of the vehicle crouched in the vehicle, thereby avoiding eye contact with the officer. The officer called in the license plate of the vehicle and

learned that the owner of the vehicle did not possess a valid New York State driver's license, and the officer was given a general description of the vehicle's owner. The vehicle remained parked in that location until defendant entered the vehicle approximately 15 minutes later, at which time the vehicle made a U-turn at a high rate of speed. The officer then stopped the vehicle. He observed that the driver matched the general description of the vehicle's owner and, when the driver opened the window, the officer detected the odor of burning marijuana. The driver was arrested for unlicensed operation of a motor vehicle, and defendant stated that he did not have a valid driver's license. The officer therefore determined that the vehicle had to be impounded, and the police conducted an inventory search of the vehicle. An open can of potato chips was preventing the glove box from closing, and the police discovered 30 baggies of marijuana in that can of potato chips. Also in the course of the inventory search of the vehicle, the police discovered, among other items, a leather pouch containing 50 bags of crack cocaine, six decks of heroin, and loose marijuana. Defendant was then placed under arrest.

As the court properly determined, the officer had reasonable suspicion to justify the initial stop of the vehicle in which defendant was a passenger (*see People v Hollman,* 79 NY2d 181, 185; *see also People v Marner,* 47 NY2d 982). The vehicle had been illegally parked and the officer observed the driver make an unsafe U-turn. The drugs were thereafter discovered during the valid inventory search of the vehicle (*see People v Gonzalez,* 62 NY2d 386, 388-389), and the police then had probable cause to arrest defendant, a passenger in the vehicle (Penal Law § 220.25 [1]). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hayes, Kehoe, Gorski and Lawton, JJ.