■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. LEWIS, JR., Appellant. [755 NYS2d 684] —Appeal from a judgment of Chautauqua County Court (Ward, J.), entered October 23, 2000, convicting defendant after a jury trial of, inter alia, attempted murder in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]) and one count each of aggravated assault upon a police officer (§ 120.11), attempted aggravated assault upon a police officer (§§ 110.00, 120.11) and criminal use of a firearm in the first degree (§ 265.09 [1] [a]). Defendant contends that County Court erred in failing to excuse three prospective jurors for cause, thereby depriving defendant of a fair trial. Although that contention is properly before us inasmuch as defendant exhausted his peremptory challenges before the completion of jury selection (see CPL 270.20 [2]; People v Lynch, 95 NY2d 243, 248 [2000]), we nevertheless conclude that defendant's contention is lacking in merit. Viewing the statements of each of the three prospective jurors as a whole, we conclude that those prospective jurors unequivocally stated that they were able to render an impartial verdict based solely on the evidence at trial (see People v Johnson, 94 NY2d 600, 611 [2000]; People v Blyden, 55 NY2d 73, 77-78 [1982]). Contrary to the further contention of defendant, the court properly denied his motion to suppress statements that he made to the police at the hospital. As the court properly determined, defendant voluntarily and knowingly waived his Miranda rights before making those statements (see e.g. People v Brown, 286 AD2d 508 [2001], lv denied 97 NY2d 702 [2002]; People v Harrington, 163 AD2d 327 [1990], lv denied 76 NY2d 940 [1990]). The sentence is neither unduly harsh nor severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.