■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRYANT MORGAN, Respondent. [781 NYS2d 652]—

Appeals by the People from (1) an order of the Supreme Court, Kings County (Gary, J.), dated December 23, 2002, which granted those branches of the defendant's omnibus motion which were to suppress physical evidence and his postarrest statement to law enforcement officials, and (2) so much of an order of the same court dated February 21, 2003, as, upon granting their motion for leave to reargue, adhered to the prior determination.

Ordered that the appeal from the order dated December 23, 2002, is dismissed, as that order was superseded by the order dated February 21, 2003, made upon reargument; and it is further,

Ordered that the order dated February 21, 2003, is reversed insofar as appealed from, on the law, upon reargument, the order dated December 23, 2002, is vacated, and those branches of the defendant's omnibus motion which were to suppress physical evidence and his postarrest statement to law enforcement officials are denied.

The initial stop of the defendant's car based on a parking violation was valid (*see e.g. People v Wilcox*, 295 AD2d 914 [2002]). The police officer who stopped the car detected the strong odor of marijuana emanating from the defendant's car, observed the remains of marijuana cigarettes in the ashtray, and heard an admission made by the defendant's passenger that the occupants had been smoking and drinking. Under the facts of this case, the officer had probable cause to arrest the defendant either for the class B misdemeanor of criminal possession of marijuana in the fifth degree (*see* Penal Law §§ 221.10, 240.00 [1]; CPL 140.10 [1]; *see generally People v McNamara*, 78 NY2d 626 [1991]; *People v Harris*, 193 AD2d 757 [1993]), or for the "petty offense" of unlawful possession of marijuana (CPL 1.20 [39]; *see* Penal Law § 221.05; CPL 140.10 [2]; 150.75 [2]; *see also People v Belton*, 55 NY2d 49 [1982]; *People v Chestnut*, 43 AD2d 260 [1974], *affd* 36 NY2d 971 [1975]; *People v Faines*, 297 AD2d 590 [2002]).

The same circumstances that furnished the probable cause to arrest the defendant also provided the officer with probable cause to believe that the car might contain more marijuana. Thus, the officer acquired the right to conduct a warrantless search of the entire car, including the trunk (*see United States v Ross*, 456 US 798, 825 [1982]; *People v Blasich*, 73 NY2d 673 [1989]; *People v Ellis*, 62 NY2d 393, 398 [1984]; *People v Langen*, 60 NY2d 170, 181-182 [1983], *cert denied* 465 US 1028 [1984];

*People v Figueroa,* 6 AD3d 720, 722 [2004]; *People v Chestnut, supra; People v Hines,* 155 AD2d 722, 724 [1989]). The officer had the right to conduct this search irrespective of whether he had yet actually arrested the defendant based on the probable cause noted above (*see Rawlings v Kentucky,* 448 US 98, 111 [1980]; *People v Landy,* 59 NY2d 369, 377 [1983]; *People v Faines, supra* at 595; *People v Archibald,* 192 AD2d 537, 538 [1993]).

Since the search of the vehicle and the arrest were lawful, the Supreme Court should have denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his postarrest statement to law enforcement officials. Prudenti, P.J., Smith, Goldstein and Crane, JJ., concur.