■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BRABHAM, Appellant. [785 NYS2d 530]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J., at plea; Rosenwasser, J., at sentence), rendered June 24, 2002, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal use of drug paraphernalia in the second degree, and unlawful possession of marijuana, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (DeRosa, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was a passenger in a vehicle which was stopped for speeding by New York State Troopers. Having lawfully stopped the vehicle, it was within the Troopers' discretion to request the defendant to exit the vehicle (*see Pennsylvania v Mimms,* 434 US 106 [1977]; *People v Robinson,* 74 NY2d 773 [1989], *cert denied* 493 US 966 [1989]). Once the defendant stepped from the vehicle, one of the Troopers detected an odor of marijuana emanating from his clothing. The defendant then admitted that he possessed marijuana and surrendered a small package of the drug to the Trooper.

These circumstances furnished the Trooper with probable cause to arrest the defendant and to believe that the car might contain more marijuana (*see People v Morgan,* 10 AD3d 369 [2004]). Therefore, the Trooper was entitled to conduct a warrantless search of the vehicle (*see People v Blasich,* 73 NY2d 673 [1989]) although the defendant had not yet been arrested (*see*

*People v Morgan, supra).* In any event, both the driver and the defendant consented to a search of the vehicle. Accordingly, the court properly denied suppression of the physical evidence which was discovered as a result of this search. The court also properly denied suppression of the defendant's statements to the Trooper, since these were made either before the defendant was in custody, or after he was duly advised of his *Miranda* rights (*Miranda v Arizona,* 384 US 436 [1966]; *see People v Brown,* 286 AD2d 508 [2001]; *People v Davila,* 223 AD2d 722 [1996]).

The defendant's remaining contentions are without merit. Santucci, J.P., Adams, Cozier and Rivera, JJ., concur.