OPINION OF THE COURT
Seymour Rotker, J.
An indictment has been filed against the defendant accusing *447 him inter alla of the class A felony of criminal possession of a controlled substance in the first degree. The charge is that on July 28, 2004 defendant knowingly possessed more than four ounces of cocaine in a vehicle that he was operating.
Defendant, claiming to be aggrieved by an unlawful search and seizure, has moved to suppress the cocaine seized from the vehicle he was operating by Police Officer Stephen Jones on July 28, 2004.
In this case, the People assert that the seizure of the cocaine from the defendant’s vehicle was based upon a lawful stop of the defendant’s vehicle and by the observation of Officer Jones of the cocaine which was in plain view. The People have the burden, in the first instance, of going forward to show the legality of police conduct. Defendant, however, bears the ultimate burden of proving by a preponderance of the evidence that the physical evidence should be suppressed.
Defendant also claims his car was stopped by the police without probable cause and that anything seized from it by them was unlawful.
A pretrial suppression hearing was conducted before me on June 14 and 16, 2005.
Testifying at this hearing were Police Officer Stephen Jones and Sergeant Brian Connolly. I find the testimony of Officer Jones tailored in some respects to meet constitutional exigencies and the testimony of Sergeant Connolly not to be credible in all respects.
I Make the Following Findings of Fact:
On July 28, 2004, Sergeant Brian Connolly and Officer Stephen Jones were working as an anticrime team in an unmarked police vehicle. They were working in the Elmhurst area of Queens County. While in the vicinity of 108th Street and 38th Avenue, a Ford Mustang convertible with its top down was observed by the police officers being operated southbound on 108th Street. There were two male occupants in the car. The police vehicle made a U-turn and proceeded to follow the Mustang. There was a temporary license plate affixed to the rear bumper. The officers followed the Mustang for a few blocks and when there was a failure by the operator of the Mustang to signal for a turn, the Mustang was pulled over. Though the operator of the Mustang spoke little English and Officer Jones spoke little Spanish, the operator produced a valid driver’s license, but no car registration. The operator is the defendant *448 herein. After the occupants were ordered out of the car, Officer Jones, shining his flashlight on the back seat of the Mustang, saw a black, closed zipper bag, which he seized and opened up. The bag contained white powder which the officer believed to be cocaine. The operator and passenger in the Mustang were arrested.
Prior to the stop of the Mustang, and for a few hours before, the police officers had stopped about 10 vehicles in the general vicinity where the defendant was arrested for alleged traffic infractions and in some instances searched those cars. No traffic summonses were issued that evening to any of the other drivers, nor were any other persons arrested.
I Make the Following Conclusions of Law:
Initially, this court finds that probable cause to search the vehicle which defendant was operating was not established. In critical respects, the testimony of the police was found to be incredible by this court and, therefore, the People have failed to meet their burden, thus, requiring suppression.
Although an automobile exception exists to permit admission of tangible evidence obtained inside a vehicle in a closed container, the exception is inapplicable here. (See People v Belton, 55 NY2d 49 [1982]; People v Langen, 60 NY2d 170 [1983], cert denied 465 US 1028 [1984]; see also People v Blasich, 73 NY2d 673 [1989].) In New York State, the automobile exception is an exception to the warrant requirement where the Court of Appeals has held that when the occupant of a vehicle is arrested, the circumstances that give rise to a finding of probable cause to arrest the occupant may also provide the police with probable cause to believe that the vehicle contains contraband, evidence of the crime, a weapon or some means of escape. (See People v Blasich, supra at 678, citing People v Belton, supra at 53-55.) Thus, a search of the vehicle is permissible, including a search of any containers found therein. (Id.)
If believed, according to the testimony adduced at the hearing, defendant was merely stopped for a traffic infraction, making a turn without signaling an intent to do so. Thus, defendant was not arrested and the police did not have probable cause to search the car. The testimony elicited established that the police only arrested defendant after observing the closed bag on the *449 seat of the vehicle and. opening it.* Thus, they did not have probable cause to arrest prior to this time and consequently did not have probable cause to search the vehicle. (Compare People v Brabham, 13 AD3d 388 [2d Dept 2004]; People v Morgan, 10 AD3d 369 [2d Dept 2004].) Notably, the automobile exception requires a nexus between the probable cause to search the vehicle and the crime for which the arrest is made. Here, this nexus does not exist, in addition to the fact that defendant was not arrested, he was merely stopped for a traffic infraction. (See People v Blasich, supra.)

 Any testimony by the witness that the zipper of the bag was partially open and he could see into it is discredited by this court. Thus, the People’s argument that the drugs were in plain view fails.