■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIS, Appellant. [887 NYS2d 634]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Bellantoni, J.), rendered May 3, 2007, convicting him of criminal possession of a weapon in the third degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was a passenger in a vehicle that was lawfully stopped for Vehicle and Traffic Law infractions. The officer who stopped the vehicle had the discretionary authority to order the defendant out of the vehicle on that basis alone (*see People v Robinson,* 74 NY2d 773, 774 [1989], *cert denied* 493 US 966 [1989]; *People v Henderson,* 26 AD3d 444, 445 [2006]; *People v Carr,* 24 AD3d 566, 567 [2005]; *People v Forbes,* 283 AD2d 92, 94-95 [2001]). Additionally, upon speaking to the operator, the officer detected the odor of burning marijuana emanating from the vehicle and, upon inquiry, the defendant admitted to having smoked marijuana earlier that night. The defendant was lawfully directed to exit the vehicle (*see People v Dugan,* 57 AD3d 300 [2008]; *People v Sutherland,* 40 AD3d 890, 891 [2007]; *People v Brabham,* 13 AD3d 388 [2004]; *People v Pierre,* 8 AD3d 904 [2004]). As the defendant moved to exit the vehicle, the officer observed the butt of a revolver sticking out of the right front pocket of the defendant's pants. The weapon was lawfully seized and, therefore, that branch of the defendant's omnibus motion which was to suppress the weapon was properly denied.

The defendant's remaining contention is without merit (*see People v Henry,* 52 AD3d 841, 843 [2008]). Mastro, J.P., Fisher, Angiolillo and Leventhal, JJ., concur.