THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAN CONTANT, Appellant. [910 NYS2d 482]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered October 3, 2007, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review, the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to the indictment without having been offered a plea agreement either by the County Court or the District Attorney. As there was no promise, plea agree-

ment, reduced charge, or any other bargain or consideration given to the defendant in exchange for his plea, it was improper for the County Court to require the defendant to waive his right to appeal (*see People v Nicelli*, 74 AD3d 1235 [2010]; *People v Meiner*, 20 AD3d 778 [2005]; *People v Coles*, 13 AD3d 665, 666 [2004]). As the defendant's waiver of his right to appeal was invalid, the defendant is not precluded from addressing any of the issues he raises on appeal.

Upon review of the record of the suppression hearing, we find that the County Court properly denied suppression of physical evidence. The credibility determinations of a hearing court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (*see People v McRay*, 51 NY2d 594, 602 [1980]; *People v Castro*, 73 AD3d 800 [2010], *lv denied* 15 NY3d 803 [2010]; *People v Shackleford*, 57 AD3d 578 [2008]; *People v Francis*, 44 AD3d 788, 789 [2007]; *People v Cooper*, 38 AD3d 678, 679 [2007]). There is nothing in the record to support the defendant's contentions that the testimony of a state trooper at the suppression hearing was incredible or patently tailored to nullify constitutional objections.

The record supports the County Court's finding that the initial stop of the automobile, in which the defendant was a passenger, was based upon the trooper's observation of the vehicle changing lanes without signaling, almost hitting another vehicle, and crossing onto the shoulder of the highway in violation of Vehicle and Traffic Law § 1163 (d) and § 1128 (a) and (d) (*see People v Robinson*, 97 NY2d 341, 348-349 [2001]; *People v Tandle*, 71 AD3d 1176, 1178 [2010]; *People v Hughes*, 68 AD3d 894, 895 [2009]; *People v Parris*, 26 AD3d 393, 394 [2006]). Based on the trooper's hearing testimony, the County Court found that the trooper, upon approaching the vehicle, detected the strong odor of marijuana emanating from the defendant's car. The driver, who failed a field sobriety test, admitted that he and the occupants of the vehicle had smoked marijuana earlier that night. As developed at the hearing, after directing the occupants to exit the vehicle (*see People v Willis*, 66 AD3d 926, 927 [2009]; *People v Henderson*, 26 AD3d 444, 445 [2006]; *People v Carr*, 24 AD3d 566, 567 [2005]), the trooper observed a bulge in the defendant's groin area.

Once the trooper smelled marijuana, he had probable cause to search the vehicle and its occupants for drugs (*see People v Chestnut*, 43 AD2d 260, 261-262 [1974], *affd* 36 NY2d 971 [1975]; *People v Black*, 59 AD3d 1050, 1051 [2009]; *People v Dugan*, 57 AD3d 300, 301 [2008]; *People v Badger*, 52 AD3d 231, 232 [2008]). The trooper, believing that the defendant had

secreted contraband in his clothing, lifted the defendant's shirt, unbuckled his pants, reached into his underwear, and retrieved the plastic bag containing cocaine and marijuana. Contrary to the defendant's contention, the search was not akin to a strip search. Rather, the search was reasonable, as it was limited in scope, the defendant was not required to disrobe, and his genitals were not visible to the public (*see People v Bamisile*, 66 AD3d 507, 507-508 [2009]; *People v Placek*, 58 AD3d 538, 539 [2009]; *People v Butler*, 27 AD3d 365, 369 [2006]; *People v Brown*, 24 AD3d 565, 566 [2005]; *cf. People v Mitchell*, 2 AD3d 145 [2003]).

The defendant, whose conviction subjected him to deportation under the Immigration and Nationality Act (*see* 8 USC § 1227 [a] [2] [B] [i]), alleges that the County Court, during the plea allocution, misrepresented the likelihood of deportation when it informed him, pursuant to CPL 220.50 (7), that his plea "may" subject him to deportation. In his supplemental pro se brief, the defendant argues that his plea of guilty made deportation a virtual certainty, that the County Court should have informed him of that likely outcome, that its misrepresentation of the likelihood of deportation constituted reversible error, and that his attorney's failure to object to the County Court's alleged misrepresentation constituted ineffective assistance of counsel. We reject these contentions. Irrespective of whether deportation was a certainty, and contrary to the defendant's contention, the County Court's statement regarding the consequences of the plea with respect to the defendant's deportation was not misleading, but rather served "to put [the defendant] on notice that his guilty plea had potential immigration consequences, and provided an opportunity to pursue those consequences more fully with his attorney or with an immigration specialist" (*Zhang v United States*, 506 F3d 162, 169 [2007]; *see* CPL 220.50 [7]; *cf. Padilla v Kentucky*, 559 US —, 130 S Ct 1473 [2010]).

Insofar as we are able to review the defendant's remaining claims of ineffective assistance of counsel, the defendant's counsel provided meaningful representation. "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004]; *see People v Reid*, 59 AD3d 158, 159 [2009]).

The sentence imposed, which was the minimum determinate term authorized by Penal Law § 70.70 (2) (a) (i), was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.