The People of the State of New York, Respondent, 
against
Shehzad Amer, Appellant.




Labe M. Richman, for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Anne Grady of counsel), for respondent.

Appeal, by permission, from an order of the Criminal Court of the City of New York, Richmond County (Alan J. Meyer, J.), dated July 1, 2015. The order, insofar as appealed from, denied the branch of defendant's motion seeking to vacate, pursuant to CPL 440.10 (1) (h), a judgment of that court rendered May 9, 2012 convicting him, upon his plea of guilty, of attempted petit larceny.




ORDERED that the order, insofar as appealed from, is reversed, on the law, and the matter is remitted to the Criminal Court for a new determination, following a hearing, of the branch of defendant's motion seeking to vacate the May 9, 2012 judgment of conviction.
In January 2010, defendant was charged in a felony complaint with grand larceny in the third degree (Penal Law § 155.35), welfare fraud in the third degree (Penal Law § 158.15), offering a false instrument for filing in the first degree (Penal Law § 175.35 [3]), and falsifying business records in the second degree (Penal Law § 175.05 [1]). The complaint alleged that, from January 1, 2006 to August 1, 2009, defendant stole $28,703.56 worth of New York State Medicaid benefits. On July 15, 2010, the felony charges were reduced and, upon the advice of his attorney, defendant pleaded guilty to attempted offering a false instrument for filing in the second degree (Penal Law §§ 110.00, 175.30), a class B misdemeanor. Defendant was sentenced to a conditional discharge and to pay restitution in the sum of $28,000, which amount has [*2]apparently been paid. 
Thereafter, defendant applied to become a United States citizen and, by decision dated April 12, 2012, the United States Citizenship and Immigration Services (USCIS) denied defendant's application because defendant's July 15, 2010 judgment of conviction was considered an aggravated felony under the immigration law based on defendant's admission that the crime involved fraud or deceit in which the loss to the victim exceeded $10,000 (see 8 USC § 1101 [a] [43] [M] [i]). Defendant then consulted with his plea attorney, who referred defendant to an immigration attorney. On May 9, 2012, the Criminal Court, without the submission of motion papers, vacated the July 2010 judgment of conviction, whereupon defendant, upon the advice of counsel and with the consent of the People pleaded guilty to attempted petit larceny (Penal Law §§ 110.00, 155.25), a class B misdemeanor. Prior to accepting defendant's guilty plea, the Criminal Court stated the following:
"as I told you when you took the plea and sentenced [sic] two years ago, this is a misdemeanor. If, as a result of this plea or sentence or both of your actions leading up to this plea, Immigration or any government state agency, either denies your application for citizenship, if that is the issue or as a result of which brings an action for deportation or denial of reentry into the country, I will not accept that as a basis to withdraw your plea; do you understand?" 

Defendant replied that he understood.
Thereafter, defendant appealed the April 2012 decision denying his citizenship application and, by decision dated November 29, 2012, the USCIS "reaffirm[ed]" its prior denial stating, among other things, that "it is apparent that your [July 2010] conviction . . . was vacated for the sole purpose of preventing the institution of removal proceedings against you. Furthermore, you have failed to submit any evidence to suggest that [the July 2010] conviction was vacated for reasons related to the merits of the underlying criminal proceedings." Defendant subsequently retained new counsel and, in 2014, moved to, among other things, vacate the May 9, 2012 judgment of conviction, pursuant to CPL 440.10 (1) (h), on the ground that his plea had not been entered knowingly and voluntarily, and that he had received the ineffective assistance of counsel because his plea attorney had misadvised him regarding the possible immigration consequences of his May 2012 plea (see Padilla v Kentucky, 559 US 356 [2010]). The Criminal Court, by order dated July 1, 2015, insofar as appealed from, denied the branch of defendant's motion seeking to vacate the May 2012 judgment of conviction, finding that the warning it had provided to defendant at his 2012 plea sufficiently apprised defendant of the potential immigration consequences of his plea, citing People v Contant (77 AD3d 967 [2010], superseded on other grounds, 90 AD3d 779 [2011]).
The People argue, among other things, that defendant was not denied the effective assistance of counsel in regard to his May 2012 CPL 440.10 motion to vacate the July 2010 judgment of conviction because defendant "has no federal or state constitutional right to have counsel appointed to represent him in connection with a motion to vacate the judgment pursuant to CPL § 440.10" (People v As-Sakaf, 2014 NY Slip Op 32167[U], *4 [Sup Ct, NY County 2014]). However, in the case at bar, defendant does not argue that he was not afforded the effective assistance of counsel in connection with the May 9, 2012 vacatur of the July 15, 2010 judgment of conviction; rather, he argues that he was not provided with the effective assistance [*3]of counsel in connection with his subsequent guilty plea on May 9, 2012, which was clearly a critical stage of a criminal proceeding for which defendant was entitled to the effective assistance of counsel (see People v Samuels, 49 NY2d 218, 221 [1980]). 
Under the State and Federal constitutions, a defendant has the right to the effective assistance of counsel (see US Const 6th Amend; NY Const, art I, § 6; Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708, 713 [1998]). The first prong of the Strickland test requires a showing that counsel's representation fell below an objective standard of reasonableness (see Padilla v Kentucky, 559 US 356; Strickland v Washington, 466 US at 687; People v Turner, 5 NY3d 476 [2005]). The second prong of the Strickland test, also known as the prejudice prong, requires that a defendant "affirmatively prove prejudice," which means that even if a defendant establishes that his attorney's representation fell below an objective standard of reasonableness, the conviction will not be set aside if the error or errors had no effect on the judgment (see Hill v Lockhart, 474 US 52, 59 [1985]; Strickland v Washington, 466 US at 692-693; People v Hernandez, 22 NY3d 972, 974-975 [2013]).
In the case at bar, defendant demonstrated that, following his May 2012 plea of guilty to attempted petit larceny, he faced deportation pursuant to 8 USC § 1227 (a) (2) (A) (iii)[FN1]
 because, under the circumstances presented, he was convicted of an aggravated felony under the immigration law (see 8 USC § 1101 [a] [43] [M] [i])[FN2]
 based on his admission of fraud during his plea allocution, in that "between the dates of January 1 of 2006 and August 1 of 2009," he "did attempt to . . . steal benefits, Medicaid, New York State, by filing false documents and received benefits [he was] not entitled to."
Where the deportation consequences of a conviction are "truly clear . . . the duty to give correct advice is equally clear" (Padilla v Kentucky, 559 US at 369). In People v Peque (22 NY3d 168 [2013]), the Court of Appeals stated that, "because deportation is so closely related to the criminal process and carries such high stakes for noncitizen defendants, a defense attorney deprives a noncitizen defendant of his or her Sixth Amendment right to the effective assistance of counsel by failing to advise, or by misadvising, the defendant about the immigration consequences of a guilty plea" (id. at 191; see also Padilla v Kentucky, 559 US at 366-374). Contrary to the People's argument that the deportation consequences in the case at bar were unclear at the time of defendant's May 2012 conviction, we find that they were clear and, in fact, defendant's plea attorney was well aware that the USCIS had previously denied defendant's citizenship application upon a finding that his July 2010 conviction amounted to an aggravated felony under the immigration law and that, therefore, defendant faced deportation pursuant to 8 USC §1227 (a) (2) (A) (iii). Thus, defendant's plea attorney should have known that defendant's May 2012 plea allocution should not have included defendant's admission to stealing Medicaid benefits by filing false documents.
Contrary to the determination of the Criminal Court—that the warnings the court provided to defendant at his May 2012 plea were sufficient to put defendant on notice regarding the possible immigration consequences of his guilty plea—we find that the warnings did not suffice to cure the clear failure of defendant's plea attorney to advise defendant that his plea allocution could not include an admission of fraud[FN3]
 because, with such an admission, his plea to attempted petit larceny would still be defined as an aggravated felony under the immigration law.
The affidavits defendant and his wife submitted in support of the branch of defendant's motion seeking to vacate the May 2012 judgment of conviction demonstrate that defendant met the first prong of the Strickland test by establishing that his attorney's representation fell below an objective standard of reasonableness (see Padilla v Kentucky, 559 US 356; Strickland v Washington, 466 US at 687; People v Turner, 5 NY3d 476). With respect to the second prong of the Strickland test, defendant's affidavit demonstrated that "there is a reasonable probability that, but for counsel's [misadvice, defendant] would not have pleaded guilty and would have insisted on going to trial" (Hill v Lockhart, 474 US at 59; see also Lee v United States, __ US__, 137 S Ct 1958, 1964 [2017]; Strickland v Washington, 466 US at 694; People v Hernandez, 22 NY3d at 974-975). As the allegations in defendant's motion papers were neither conceded by the People to be true nor "conclusively substantiated by unquestionable documentary proof" (CPL 440.30 [3] [c]), a hearing is necessary in order for the Criminal Court to make the required "findings of fact essential to the determination" of the motion (CPL 440.30 [5]; see People v Roberts, 143 AD3d 843 [2016]).
Accordingly, the order, insofar as appealed from, is reversed and the matter is remitted to the Criminal Court for a new determination, following a hearing, of the branch of defendant's [*4]motion seeking to vacate the May 9, 2012 judgment of conviction.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 16, 2018
Footnotes

Footnote 1:8 USC § 1227 states:
~~"(a) Classes of deportable aliens . . .

~~(2) Criminal offenses . . .

~~(A) General Crimes . . . 


~~(iii) Aggravated felony
~~Any alien who is convicted of an aggravated felony at any time after admission is deportable."
Footnote 2:8 USC § 1101 [a] [43] [M] [i] states that the term "aggravated felony" means an offense that
 ~~"involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."
~~8 USC § 1101 [a] [43] [U] provides that an offense described in paragraph 43 includes "an attempt or conspiracy to commit an offense." 
Footnote 3: Pursuant to Penal Law § 155.05 (2) (a), in addition to a taking by false pretenses (i.e., fraud), larceny includes nonfraudulent acts such as wrongful taking or the obtaining or withholding of another's property.