■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER WHITE, Appellant. [836 NYS2d 601]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered June 30, 2005, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

The court properly denied defendant's motion to suppress drugs discovered in the back seat of the taxi in which he was a passenger. There is no basis for disturbing any of the court's

credibility determinations (*see People v Prochilo*, 41 NY2d 759, 761 [1977]).

The officers lawfully stopped the taxi for speeding. A vehicular stop requires probable cause to believe the driver has committed a traffic violation (*People v Robinson*, 97 NY2d 341, 348-349 [2001]), not proof beyond a reasonable doubt. The People met their burden of establishing the lawfulness of the stop through the officers' testimony that the cab appeared to be speeding, and that the officers themselves had to exceed the local speed limit in following the cab for several blocks (*see People v Olsen*, 22 NY2d 230 [1968]).

The evidence also established that, after defendant jumped out of the stopped taxi, the police immediately saw the drugs in open view. Regardless of whether the police were entitled to detain defendant at that point, the plain view observation was not a product of the detention. The record also supports the hearing court's alternative finding that defendant intentionally abandoned the drugs when he jumped out of the vehicle (*see People v Scott*, 191 AD2d 200 [1993], *affd* 82 NY2d 729 [1993]).

The hearing court properly exercised its discretion in denying defendant's request for an adjournment to obtain the testimony of the driver of the cab. The court indicated that an adjournment of a few weeks would be reasonable, but denied the adjournment when it learned that although the driver was in Africa for an uncertain length of time, he was not expected to return for four months (*see People v Foy*, 32 NY2d 473, 477-478 [1973]). Defendant did not preserve his claims that the information as to the length of the driver's expected absence was unreliable and that he had a constitutional right to the adjournment, and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Friedman, Marlow, McGuire and Malone, JJ.