■ The People of the State of New York, Appellant, v Elaine Sorrells, Also Known as Oasis Longevity & Rejuvenation Institute, Respondent. [870 NYS2d 925]—

Cardona, P.J. Appeal from an order of the County Court of Albany County (Herrick, J.), entered June 9, 2008, which granted defendant's motion to dismiss the indictment.

Defendant was the chief executive officer, president and sole shareholder of Oasis Longevity & Rejuvenation Institute, a Florida-based company that allegedly employed physicians to sign prescriptions for anabolic steroids, which the company sold to its customers without first conducting appropriate medical examinations. Following an undercover investigation, defendant was charged with criminal diversion of prescription medications in the second degree, attempted criminal sale of a prescription for a controlled substance (six counts), and conspiracy in the fourth degree. County Court granted defendant's motion to dismiss the indictment, prompting this appeal by the People.*

We affirm. As to the six counts charging attempted criminal sale of a prescription for a controlled substance (*see* Penal Law §§ 110.00, 220.65), we note that, by its terms, Penal Law § 220.65 is enforceable only against practitioners. A practitioner is defined as "[a] physician, dentist, podiatrist, veterinarian, scientific investigator, or other person licensed, or otherwise permitted to dispense, administer or conduct research with respect to a controlled substance in the course of a licensed professional practice or research licensed pursuant to [Public Health

---

* The People make no argument regarding the charge of criminal diversion of prescription medications in the second degree; accordingly, we deem their challenge to the dismissal of that count to be abandoned.

Law article 33]" (Public Health Law § 3302 [29]). It is undisputed that defendant does not meet that definition. Therefore, she is not subject to Penal Law § 220.65. As to the conspiracy count (*see* Penal Law § 105.10), it is jurisdictionally defective in that it does not allege an overt act in furtherance of the conspiracy (*see* Penal Law § 105.20; *People v Ribowsky*, 77 NY2d 284, 292-293 [1991]; *People v Menache*, 98 AD2d 335, 336 [1983]).

Mercure, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed.