SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

679
KA 11-02514
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                    MEMORANDUM AND ORDER

JAMELL HOWINGTON, DEFENDANT-RESPONDENT.

---

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR APPELLANT.

JAMES K. WEEKS, FAYETTEVILLE, FOR DEFENDANT-RESPONDENT.

---

Appeal from an amended order of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), dated October 29, 2010. The amended order granted the motion of defendant to suppress certain physical evidence.

It is hereby ORDERED that the amended order so appealed from is unanimously affirmed.

Memorandum: Having filed the requisite statement pursuant to CPL 450.50, the People appeal from an amended order granting defendant's motion to suppress the physical evidence seized by the police after a traffic stop. A Syracuse police officer testified at the suppression hearing that he stopped a vehicle operated by defendant after observing several traffic infractions, and that he detected the odor of unburned marihuana when he approached the vehicle. The hearing testimony further established, however, that the only marihuana found in the vehicle was in a closed plastic bag inside a pocket in defendant's clothing. In addition, the evidence at the suppression hearing established that defendant drove the vehicle with the windows open for several blocks prior to the stop, and that they remained open after the vehicle was stopped by the police. Supreme Court expressly stated that it did "not credit the testimony that the [odor] of raw mari[h]uana was present," and the court thus concluded that the officers did not have probable cause to arrest defendant for possession of marihuana. The court therefore concluded that the officers did not have the right to search defendant incident to an arrest for possession of marihuana and granted defendant's motion seeking to suppress the items discovered during the search, including the marihuana, money and other drugs possessed by defendant.

Initially, we note that the People raised an alternative basis for the search at the suppression hearing, but they have "failed to address in their brief on appeal any issues with respect to [that

alternative basis], and thus they are deemed to have abandoned any contentions with respect thereto" (*People v Hunter*, 92 AD3d 1277, 1279; *see People v Sorrells*, 58 AD3d 1080, 1080 n, *lv denied* 12 NY3d 921).  Rather, the People contend on appeal that the court erred in suppressing the evidence because the odor of the unburned marihuana provided probable cause for the search, and that the court erred in refusing to credit the officer's testimony that he smelled the marihuana.  "It is well settled that the suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record" (*People v Esquerdo*, 71 AD3d 1424, 1424, *lv denied* 14 NY3d 887 [internal quotation marks omitted]; *see People v McAvoy*, 70 AD3d 1467, 1467, *lv denied* 14 NY3d 890; *People v Layboult*, 227 AD2d 773, 775).  Here, the court's determination that the officer could not have smelled the unburned marihuana is supported by the evidence in the record and was based solely upon the court's assessment of the credibility of the witnesses at the suppression hearing, and we perceive no basis to disturb that determination (*see People v Vaughan*, 48 AD3d 1069, 1071, *lv denied* 10 NY3d 845, *cert denied* 555 US 910; *see generally People v Gerena*, 49 AD3d 1204, 1205, *lv denied* 10 NY3d 958).  In view of our conclusion that the court's determination that the officer could not have detected the odor of unburned marihuana has support in the record and should not be disturbed, we do not address the further contention of the People that such odor, combined with defendant's "furtive movements," justified the search.

Entered:  June 8, 2012                      Frances E. Cafarell
                                            Clerk of the Court