■ In the Matter of DARNELL U., Appellant. [970 NYS2d 555]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Darnell U. appeals from an order of disposition of the Family Court, Kings County (Elkins, J.), dated May 9, 2012, which, upon a fact-finding order of the same court dated January 18, 2012, made after a hearing, finding that he committed an act constituting the crime of unlawful possession of weapons by persons under 16, and acts which, if committed by an adult, would have constituted the crimes of attempted criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order and the denial, after a hearing, of that branch of Darnell U.'s omnibus motion which was to suppress physical evidence.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired. However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, and which brings up for review the fact-finding order, has not been rendered academic (*see* Family Ct Act § 783; *Matter of Dorothy D.*, 49 NY2d 212 [1980]).

The testimony at the suppression hearing established that in

the early morning of February 26, 2011, the appellant and a friend were seated in the back of a taxi cab which was stopped by two police officers because it had a defective brake light. Two photographs of the rear of the cab depicting the defective brake light were admitted into evidence. Once the cab was stopped, the appellant opened the back door and exited the vehicle. One officer detained him near the door. Both police officer witnesses testified at the suppression hearing that they smelled marijuana when the appellant opened the door of the cab and exited, and the hearing court specifically credited this testimony. One officer observed a plastic shopping bag on the floor in the back of the cab near where appellant had been sitting. The officers asked the appellant and his friend if the bag belonged to either of them, and both individuals denied ownership of the bag. The police opened the bag and found a shoe box, inside of which they found a gun.

The Family Court denied that branch of the appellant's omnibus motion which was to suppress physical evidence. After a fact-finding hearing at which evidence was presented that the gun was .38 caliber, but the one bullet in its magazine was .32 caliber, the Family Court found that the appellant committed, inter alia, an act which, if committed by an adult, would have constituted the crime of attempted criminal possession of a weapon in the second degree.

Contrary to the appellant's contention, the Family Court properly concluded that the police officers lawfully stopped the cab because the defective brake light gave them probable cause to believe that a traffic violation had been committed (*see Whren v United States*, 517 US 806 [1996]; *People v Robinson*, 97 NY2d 341 [2001]; *People v White*, 40 AD3d 535 [2007]; *see also* Vehicle and Traffic Law § 375).

Further, the Family Court, based upon the officers' testimony as to the smell of marijuana emanating from the vehicle, properly determined that there was a sufficient basis to search the passenger area (*see People v Black*, 59 AD3d 1050 [2009]; *People v Gaines*, 57 AD3d 1120 [2008]; *People v Turchio*, 244 AD2d 366 [1997]; *People v Chestnut*, 43 AD2d 260 [1974], *affd* 36 NY2d 971 [1975]; *cf. People v Howington*, 96 AD3d 1440 [2012]). Contrary to the appellant's contention, he abandoned the shopping bag by exiting the cab, leaving the bag behind, and disclaiming ownership of it (*see People v Mack*, 89 AD3d 864 [2011]; *People v White*, 40 AD3d 535 [2007]; *People v Scott*, 191 AD2d 200 [1993], *affd* 82 NY2d 729 [1993]; *People v Hughes*, 174 AD2d 692 [1991]). Thus, the police officers lawfully searched the shopping bag, where they discovered the gun.

Accordingly, the Family Court properly denied that branch of the appellant's omnibus motion which was to suppress the gun. Dillon, J.P., Chambers, Roman and Cohen, JJ., concur.