The People of the State of New York, Respondent,
against
Robert Newcomb, Appellant.




Gregory G. Hoover, for appellant.
Orange County District Attorney (Nicholas D. Mangold of counsel), for respondent.

Appeal from judgments of the Justice Court of the Town of Wallkill, Orange County (Joseph A. Owen, J.), rendered June 2, 2016. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated per se and common-law driving while intoxicated.




ORDERED that the judgments of conviction are affirmed.
Following a jury trial, defendant was convicted of driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]) and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). On appeal, defendant's sole contention is that the judgments of conviction should be reversed because the Justice Court, following a combined Ingle/Dunaway/Huntley hearing, improperly determined that the stop of his vehicle was legal.
A traffic stop is permissible when the " 'officer has probable cause to believe that the driver of an automobile has committed a traffic violation' " (People v Guthrie, 25 NY3d 130, 133 [2015], quoting People v Robinson, 97 NY2d 341, 349 [2001]). "Probable cause . . . 'does not require proof . . . beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed' " (People v Guthrie, 25 NY3d at 133, quoting People v Bigelow, 66 NY2d 417, 423 [1985]; see People v Robinson, 97 NY2d at 353-354; People v White, 40 AD3d 535, 536 [2007]). In addition, "an automobile stop is lawful so long as it is demonstrated that a traffic violation occurred, and it is not necessary that [the] [*2]defendant be charged with the specific violation established at a . . . hearing" (People v Gramajo, 49 Misc 3d 131[A], 2015 NY Slip Op 51435[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). " 'All that is required is that [the officer] have had a reasonable cause to believe that [the] defendant had violated [the] Vehicle and Traffic Law' " (People v Gingras, 22 Misc 3d 22, 23 [App Term, 2d Dept, 9th & 10th Jud Dists 2008], quoting People v Hiker, 133 AD2d 986, 988 [1987]; see also People v Gramajo, 49 Misc 3d 131[A], 2015 NY Slip Op 51435[U], *2).
At the hearing, a sheriff's deputy testified that the speed limit was 45 miles per hour; that he had observed defendant's vehicle traveling "at a high rate of speed . . . well above the speed limit"; and that, as he had followed defendant's vehicle in his patrol car for a quarter or half mile, he had to exceed the speed limit in order to catch up to defendant's vehicle. Following the hearing, the Justice Court, crediting the deputy's testimony, found the stop to be lawful. 
It is well settled that the credibility determinations of a hearing court, which had the advantage of hearing and seeing the witnesses firsthand, are to be accorded great weight on appeal and should not be disturbed unless clearly erroneous (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Francis, 44 AD3d 788, 789 [2007]; People v Turner, 53 Misc 3d 130[A], 2016 NY Slip Op 51368[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Under the circumstances presented (see People v Bigelow, 66 NY2d at 423), we find that the Justice Court properly concluded that defendant's vehicle had been lawfully stopped. The evidence established that the deputy had a reasonable belief that defendant had violated Vehicle and Traffic Law section 1180 (d) (see People v White, 40 AD3d at 536), regardless of any other underlying motivation (see People v Robinson, 97 NY2d at 349).
Accordingly, the judgments of conviction are affirmed.
GARGUILO, J.P., and RUDERMAN, J., concur.
TOLBERT, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 01, 2018