THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PAUL R. CHESTNUT, Appellant.

Third Department, January 10, 1974.

*Robert L. Miller* for appellant.

*Andrew F. Siedlecki, District Attorney* (*Robert J. Simpson* of counsel), for respondent.

MAIN, J. This is an appeal from a judgment of the County Court of Tioga County, rendered January 4, 1973, convicting defendant on his plea of guilty of the crime of criminal possession of a dangerous drug in the sixth degree.

At approximately 1:00 A.M. on December 5, 1971, defendant was operating an automobile on Route 17 in Tioga County when he was stopped by Troopers Carmody and Standish of the New York State Police after they observed his vehicle traveling at an extremely low rate of speed. As the officers conversed with the occupants of the car, each detected what they considered to be the odor of marihuana smoke emanating from the vehicle and, as a result, proceeded to search the vehicle and each of its occupants. What proved to be a quantity of marihuana was found in defendant's possession and, additionally, three cold marihuana butts and several open beer cans were found on the rear floor of the vehicle. Defendant was thereupon arrested on a possession charge while the remaining occu-

pants were given traffic summonses for transporting open containers of alcoholic beverages.

At a suppression hearing on a defense motion to suppress the substances alleged to be marihuana, Troopers Carmody and Standish both testified as to their previous training and experience with and knowledge of the smell of burning marihuana and as to that substance's distinctive odor. Thereafter, finding that there was probable cause for the warrantless search and seizure of the substances as an incident to an arrest, the Tioga County Court denied the defense motion, and defendant's guilty plea and conviction followed.

The primary question to be decided on this appeal is whether the smell of marihuana smoke, with nothing more, can be sufficient to provide police officers with probable cause to search an automobile and its occupants. We hold that it can.

While "unreasonable searches and seizures" are expressly prohibited by the Fourth Amendment of the United States Constitution and by the Constitution of the State of New York (N. Y. Const., art. I, § 12), it is equally certain that even a warrantless search and seizure can be "reasonable" and, hence, permissible under appropriate circumstances. Thus, where there is a reasonable belief before the search begins that an automobile contains contraband or evidence of a crime, this constitutes probable cause and a search of the vehicle may lawfully proceed without a warrant (*People* v. *Brown,* 28 N Y 2d 282; *People* v. *La Belle,* 37 A D 2d 135). Similarly, a warrant is unnecessary to search the operator of the vehicle where there is probable cause to believe that he is "guilty of a crime rather than merely a simple traffic infraction" (*People* v. *Marsh,* 20 N Y 2d 98, 101; *People* v. *Baer,* 37 A D 2d 150, 152).

The crucial element, which is present in each of the cited cases and justifies the searches therein, is "probable cause" which exists where: "'the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. *Carroll* v. *United States,* 267 U. S. 132, 162." (*Brinegar* v. *United States,* 338 U. S. 160, 175–176.) Such is the situation here, where two police officers, qualified by training and experience, detected what they considered to be the distinctive odor of marihuana smoke. Surely, they were warranted in believing that an offense had been or was being committed (cf. *Brinegar* v. *United States, supra*; *People* v. *Baer, supra*), and that the automobile contained con-

traband or evidence of a crime (cf. *People* v. *La Belle, supra*). Therefore, while we cannot subscribe to the determination of the court below that the search was made incident to an arrest, which was apparently only effectuated as a result of the challenged search, we do, nevertheless, concur in the result because of the existence of probable cause, which justified the search independently of an arrest (*Chambers* v. *Maroney*, 399 U. S. 42; *People* v. *La Belle, supra*).

We would further emphasize that it is '' only in exigent circumstances '' where the judgment of the police will serve as '' sufficient authorization for a search '' without a warrant (*Chambers* v. *Maroney, supra*, p. 51). Thus, it is critical to the outcome of this case that we are here concerned with an automobile, which is stopped on the highway and readily movable, whose occupants have been alerted, and whose contents '' may never be found again if a warrant must be obtained.'' (*Chambers* v. *Maroney, supra*, p. 51; *Carroll* v. *United States, supra*.) Equally important is the experience and training of the police officers involved. Here, both Troopers Carmody and Standish had extensive training with marihuana, formally at the State Police Academy in Albany and informally at their local substation. Each, likewise, had smelled marihuana smoke and was familiar with its distinctive odor.

The recent decisions of the United States Supreme Court (*United States* v. *Robinson*, 414 U. S. 218; *Gustafson* v. *Florida*, 414 U. S. 260) deal with searches incident to an arrest and are, therefore, not dispositive here. The court in those cases has, nevertheless, recognized the extremely difficult and necessarily '' quick *ad hoc* '' judgments which a police officer must make as to how and where to search the person of a suspect, and renders its decision accordingly. Our decision here is entirely consistent with these holdings.

Defendant's remaining contention, that the trial court erred in holding that the burden of establishing the illegality of the search was on the defendant, is without merit. It is true that the People must go forward to show the legality and reasonableness of the police conduct, and this they have done, especially through the testimony of the officers involved. It remains for the defendant, nevertheless, where he makes a motion to suppress, to bear '' the ultimate burden of proving that the evidence should not be used against him '' (*People* v. *Berrios*, 28 N Y 2d 361, 367).

The judgment should be affirmed.

HERLIHY, P. J. (concurring in part and dissenting in part). While I agree with the majority that there was probable cause to search the automobile, I disagree and accordingly dissent as to the probable cause to search the person of the defendant.

There are three prongs as to this particular search:

(1) Did the officers have a right to stop the automobile? The answer is obviously "yes".

(2) Did the officers have a right, based on the odor of burned marijuana, to search the automobile? Under the present circumstances the answer is "yes" and the search revealed on the floor of the automobile two or three cold butts of marijuana cigarettes.

(3) After stopping the automobile, having detected the odor of marijuana and thereafter finding butts on the floor of the automobile, *but not having made an arrest,* did the officers have probable cause for searching the person of the defendant? The answer is "no".

While the record establishes probable cause that *someone* in the automobile *had been* in possession of marijuana, there is no probable cause for present possession since none of the occupants was smoking when the troopers stopped and approached the automobile. It was a past tense possession for probable cause. There was no evidence that the odor of marijuana came from the person of the defendant. Under such circumstances, the frisk and search of the defendant was not justified and, accordingly, the investigation of the closed envelope and cigarette package was without probable cause. In fact, it was without justification, and an invasion of privacy which should not be permitted or tolerated.

The judgment should be reversed, and the marijuana found as a result of the search of the defendant should be suppressed.

COOKE, SWEENEY and KANE, JJ., concur with MAIN, J.; HERLIHY, P. J., concurs in part and dissents in part in a separate opinion.

Judgment affirmed.