THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL BLACK, Appellant. (Appeal No. 1.) [872 NYS2d 791]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered January 24, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from is unanimously affirmed, and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and unlawful possession of marihuana (§ 221.05), defendant contends that Supreme Court erred in refusing to suppress physical evidence seized as a result of the allegedly illegal stop of his vehicle. We reject that contention.

At the suppression hearing, two police officers testified that they observed a vehicle stopped on the side of the road at 11:30 P.M. and that the occupants of the vehicle, defendant and his co-defendant (*People v Rogers*, 59 AD3d 1051 [2009]), appeared to be having a "heated argument" with a man on the street. After the vehicle pulled into a nearby driveway, the officers questioned the man on the street concerning the argument, and he responded that the occupants of the vehicle owed him some money. The officers pulled their patrol vehicle in front of the house next to the driveway where the vehicle had stopped and approached the vehicle to question the occupants with respect to their exchange with the man on the street. According to the officers, the patrol vehicle was not blocking the driveway, and the overhead lights were not activated. As the officers approached the vehicle, they smelled the odor of marihuana and, upon questioning by the officers, defendant admitted to them that he had "smoked weed earlier" in the evening. Upon search-

ing the occupants and the vehicle, the officers recovered two guns and marihuana.

The suppression hearing testimony of the man on the street, who was employed by defendant, was contrary to that of the officers. He testified that the patrol vehicle was blocking the driveway and that its overhead lights were activated. He further testified, however, that he did not know whether the vehicle occupied by defendant and his codefendant was in motion when the lights on the patrol vehicle were activated.

Although defendant contends on appeal that the officers stopped his vehicle, we conclude that the court was entitled to credit the testimony of the officers at the suppression hearing that the vehicle was parked when they approached it and that they did not park their patrol vehicle in such a manner as to block the driveway in which the vehicle was parked (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Alexander*, 51 AD3d 1380, 1382 [2008], *lv denied* 11 NY3d 733 [2008]). We further conclude that the officers possessed an objective, credible reason to approach the vehicle (*see People v Ocasio*, 85 NY2d 982, 984 [1995]; *People v Robinson*, 309 AD2d 1228 [2003], *lv denied* 1 NY3d 579 [2003]) and that, once the officers smelled marihuana, they had probable cause to search the vehicle and its occupants for drugs (*see People v Chestnut*, 43 AD2d 260, 261-262 [1974], *affd* 36 NY2d 971 [1975]; *People v Badger*, 52 AD3d 231 [2008], *lv denied* 10 NY3d 955 [2008]; *People v Feili*, 27 AD3d 318, 319 [2006], *lv denied* 6 NY3d 894 [2006]). Present—Centra, J.P., Peradotto, Green and Pine, JJ.