THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAN CONTANT, Appellant. [935 NYS2d 35]—

Contrary to the defendant's contention, the trooper was not limited to conducting a protective pat-down search of the defendant for a weapon once he was removed from the vehicle. The trooper's detection of the odor of marijuana emanating from the vehicle, the driver's failed sobriety test, and the driver's statement that the occupants had smoked marijuana earlier in the night provided probable cause to search the defendant's person for drugs (*see People v Black*, 59 AD3d 1050, 1051 [2009]; *People v Badger*, 52 AD3d 231, 232 [2008]; *People v Feili*, 27 AD3d 318, 319 [2006]; *People v Turchio*, 244 AD2d 366, 367 [1997]; *People v Chestnut*, 43 AD2d 260, 261-262 [1974], *affd* 36 NY2d 971 [1975]), including the bulge in his groin area (*see People v Placek*, 58 AD3d 538, 539 [2009]; *People v Butler*, 27 AD3d 365, 369 [2006]; *People v Brown*, 24 AD3d 565, 566 [2005]). Accordingly, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.