*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                    105653
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

FAQIR RASUL,
                    Appellant.
_____

Calendar Date:  September 12, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.

_____

        Carolyn B. George, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Steven M. Sharp
of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the Supreme Court (Lamont, J.),
rendered January 19, 2012 in Albany County, convicting defendant
upon his plea of guilty of the crime of criminal possession of a
controlled substance in the third degree.

        Prior to assuming his patrol duties on the evening of
February 10, 2011, State Trooper Gary Denise reviewed a criminal
intelligence bulletin, commonly known as a be-on-the-lookout
(hereinafter BOLO) alert, advising that a white 2008 Lincoln MKX
bearing a certain license plate number might be traveling from
New York City to the Albany County area.  According to the BOLO,
which was based upon an anonymous tip, the vehicle contained two
black males – possibly armed with handguns – and a large quantity
of cocaine.  At approximately 9:30 p.m., while parked in a U-turn

on the New York State Thruway south of the City of Albany, Denise saw a vehicle matching the description given in the BOLO pass by in a northbound direction. As Denise continued to observe this vehicle in his rear view mirror, he noted that the vehicle changed lanes without signaling. After radioing for backup, Denise initiated a traffic stop of the suspect vehicle.

Denise and responding State Trooper John Knoetgen approached the vehicle and instructed the occupants to roll down their respective windows; as the driver and defendant (the front-seat passenger) complied, Denise and Knoetgen each noticed the odor of burnt marihuana emanating from the vehicle. Both the driver and defendant were asked to step out of the vehicle, and the driver indicated that he and defendant had smoked marihuana prior to the traffic stop. An initial pat down of defendant's waistband area by Denise did not reveal any weapons, and a subsequent search of the vehicle by Denise and Knoetgen did not produce any weapons or drugs, leading the troopers to suspect that defendant and/or the driver might be carrying marihuana on their persons. Knoetgen then conducted a second pat down/search of defendant – to which defendant consented – and felt a hard object near the top of one of defendant's legs. Knoetgen mouthed the word "gun" to another trooper who had arrived on the scene and asked defendant if the object in question was a weapon. When defendant failed to respond, Knoetgen reached in and retrieved this object, which turned out to be a hard, rectangular-shaped item wrapped in what he described as a bodega-style bag. Defendant thereafter was arrested and, upon questioning at the State Police barracks, admitted that the object seized by Knoetgen was cocaine.

Defendant subsequently was charged in a single-count indictment with criminal possession of a controlled substance in the first degree. Following the denial of his motion to suppress, among other things, the cocaine seized during the traffic stop, defendant pleaded guilty to criminal possession of a controlled substance in the third degree – in satisfaction of both the underlying indictment and other pending charges – and, in accordance with the plea agreement, was sentenced to seven years in prison followed by two years of postrelease supervision. Defendant now appeals, contending that Supreme Court erred in

denying his motion to suppress.[1]

We affirm.  Vehicle and Traffic Law § 1163 requires the operator of a motor vehicle to "giv[e] an appropriate signal" when "mov[ing] right or left upon a roadway" (Vehicle and Traffic Law § 1163 [a]) and, more to the point, expressly mandates that such signals "shall be used to indicate an intention to . . . change lanes" (Vehicle and Traffic Law § 1163 [d]; see People v Rice, 44 AD3d 247, 250-253 [2007], lv denied 9 NY3d 992 [2007]). In this regard, law enforcement personnel "may validly stop a vehicle based on probable cause that the driver committed a traffic violation, regardless of the [detaining] officer's underlying motivation or desire to conduct another investigation" (People v Weishaupt, 118 AD3d 1100, 1102 [2014]; see People v Cuffie, 109 AD3d 1200, 1201 [2013], lv denied 22 NY3d 1087 [2014]; People v Ross, 106 AD3d 1194, 1195 [2013], lv denied 22 NY3d 1090 [2014]).  "[P]robable cause exists for a traffic stop [when] an officer observes a defendant committing a traffic violation" (People v Portelli, 116 AD3d 1163, 1164 [2014]). Here, given Denise's testimony that he observed the vehicle in which defendant was riding change lanes without signaling, his subsequent stop of the vehicle was entirely lawful (see People v Horge, 80 AD3d 1074, 1074 [2011]; People v Cheatham, 54 AD3d 297, 298 [2008], lvs denied 11 NY3d 854, 899 [2008]; People v Eure, 46 AD3d 386, 386 [2007], lv denied 10 NY3d 810 [2008]).

As for the propriety of the subsequent pat down and/or search of defendant, "it is well established that [t]he odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle and its occupants" (People v Cuffie, 109 AD3d at 1201 [internal quotation marks and citations omitted]; see People v Black, 59

---

[1]  Supreme Court's denial of the suppression motion survives defendant's guilty plea (see CPL 710.70 [2]; People v Dozier, 115 AD3d 1001, 1001 [2014]; People v Ross, 106 AD3d 1194, 1195 [2013], lv denied 22 NY3d 1090 [2014]; compare People v Rodriguez, 118 AD3d 1182, 1182-1183 [2014], lv denied ___ NY3d ___ [Sept. 29, 2014]).

AD3d 1050, 1051 [2009], lv denied 12 NY3d 851 [2009]; People v Badger, 52 AD3d 231, 232 [2008], lv denied 10 NY3d 955 [2008]; People v Pierre, 8 AD3d 904, 905 [2004], lv denied 3 NY3d 710 [2004]; People v Chestnut, 43 AD2d 260, 261-262 [1974], affd 36 NY2d 971 [1975]; see also People v Acevedo, 118 AD3d 1103, 1106 [2014]; People v Horge, 80 AD3d at 1074). Here, both Denise and Knoetgen testified that they smelled burnt marihuana emanating from defendant's clothing and the vehicle in which he was riding. Even accepting that Denise's experience in detecting this distinctive odor was not sufficiently developed at the suppression hearing, we are satisfied that Knoetgen, as a drug recognition expert and a K-9 drug detection officer, possessed the requisite training and experience to do so. Further, and as noted previously, Knoetgen testified that the driver of the vehicle admitted that he and defendant had smoked marihuana prior to being pulled over for the underlying traffic violation (see People v Cuffie, 109 AD3d at 1201; People v Contant, 90 AD3d 779, 780 [2011], lv denied 18 NY3d 956 [2012]). As the circumstances presented and the observations made by the troopers provided probable cause for Knoetgen's pat down/search of defendant, we discern no basis upon which to suppress the drugs subsequently seized from defendant's pant leg. In light of this conclusion, we need not consider whether the BOLO alert provided an alternative and independent basis upon which to stop the suspect vehicle and search its occupants. Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., Stein, Garry and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court