## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 7, 2016                    107641
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

REGINAL FRANCOIS,
                    Appellant.
_____

Calendar Date:  February 18, 2016

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____

        Anthony L. Riccio, New York City, for appellant.

        P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered January 7, 2014, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree (five counts).

        In September 2012, two state troopers conducted a traffic stop of defendant's vehicle after observing that it had very dark tinted windows, such that the interior was not visible.  Upon making contact with the driver, the troopers detected a strong odor of marihuana emanating from the vehicle and inquired about its source.  In response, a passenger in the vehicle admitted to having smoked marihuana earlier in the day.  One of the troopers then ran a check of defendant's license, which revealed that his driving privileges had been suspended, and the trooper also

tested and confirmed that the vehicle's windows exceeded the statutory tint limit (see Vehicle and Traffic Law § 375 [12-a] [b] [1]). The trooper then ordered defendant to exit the vehicle. As defendant was doing so, the trooper noticed a wallet on the driver side seat of the vehicle. The trooper searched this wallet, and discovered a Florida driver's license and four credit cards bearing a different name than defendant had provided. Based upon the trooper's experience, these appeared to be forged. Defendant was thereafter charged with five counts of possession of a forged instrument in the second degree. A Mapp/Dunaway hearing was held in which defendant argued that the troopers lacked legal justification to search the wallet and that the evidence obtained as a result of the search should be suppressed. Defendant further argued that, in light of the People's failure to preserve the wallet as evidence, an adverse inference against the People should be taken. County Court denied defendant's motion to suppress the wallet and reserved decision on defendant's request for an adverse inference. Defendant thereafter pleaded guilty to all five counts of the indictment, and was sentenced to five concurrent prison terms of 3 to 6 years. Defendant appeals.

We agree with County Court that the search of the wallet was legally justified. As this Court has repeatedly held, "'[t]he odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle and its occupants'" (People v Rasul, 121 AD3d 1413, 1415 [2014], quoting People v Cuffie, 109 AD3d 1200, 1201 [2013], lv denied 22 NY3d 1087 [2014]). Where the search of a vehicle is justified by probable cause, officers may also search any of the contents of the vehicle that may conceal the contraband sought (see United States v Ross, 456 US 798, 825 [1982]; People v Ellis, 62 NY2d 393, 398 [1984]; People v Horge, 80 AD3d 1074, 1075 [2011]). Here, the trooper testified that he was able to identify the odor of marihuana in the vehicle as a result of his training and experience as a police officer, and that he had located marihuana secreted within wallets during other searches. This testimony demonstrated that adequate legal justification existed for the search of the vehicle and its contents, including the wallet (see People v Horge, 80 AD3d at 1074; People v Black,

59 AD3d 1050, 1051 [2009], lv denied 12 NY3d 851 [2009]).

Defendant's argument that he was entitled to an adverse inference due to the People's failure to preserve the wallet was forfeited by his guilty plea, as County Court had not yet ruled on that aspect of the motion at the time of the plea (see People v Hansen, 95 NY2d 227, 231-232 [2000]; People v Williams, 214 AD2d 437, 437-438 [1995], lv denied 86 NY2d 805 [1995]; People v Hardy, 187 AD2d 810, 812 [1992]).  In any event, there was no prejudice to defendant (see People v Haupt, 71 NY2d 929, 931 [1988]; People v Cannonier, 236 AD2d 619, 619 [1997], lv denied 89 NY2d 1033 [1997]).

Peters, P.J., Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court