*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: December 8, 2016                    106906
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

VICTOR WILLIAMS,
                        Appellant.
_____


Calendar Date:  October 18, 2016

Before:  Peters, P.J., Garry, Devine, Clark and Aarons, JJ.

                        _____


        Bruce Evans Knoll, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.


                        _____


Clark, J.

        Appeal from a judgment of the County Court of Albany County
(Herrick, J.), rendered May 6, 2014, convicting defendant upon
his plea of guilty of the crime of criminal possession of a
controlled substance in the third degree (two counts) and the
violation of unlawful possession of marihuana.

        On June 3, 2013, two deputies with the Albany County
Sheriff's Department stopped a taxi cab in which defendant was a
passenger for traveling in excess of the posted speed limit.
Upon approaching the vehicle and asking the driver and defendant
to roll down their respective windows, the deputies detected the
odor of marihuana and directed defendant to step out of the
vehicle.  During or immediately after a search of his person,
which resulted in the seizure of several cell phones, 24.9 grams

of crack cocaine that was individually packaged in plastic tie-off bags and a quantity of marihuana, defendant stated that "the taxi driver had nothing to do with it."  Defendant was subsequently arrested and indicted on two counts of criminal possession of a controlled substance in the third degree and one count of unlawful possession of marihuana.  Following defendant's unsuccessful motion to suppress the physical evidence discovered on his person, as well as his statement, defendant proceeded to trial, during which he pleaded guilty as charged.  Defendant was thereafter sentenced to concurrent prison terms of 6½ years, followed by three years of postrelease supervision, on each conviction for criminal possession of a controlled substance in the third degree and time served for his conviction for unlawful possession of marihuana.  Defendant appeals.

We affirm.  A police officer may lawfully initiate a traffic stop where there is probable cause to believe that a traffic violation has been committed (see People v Guthrie, 25 NY3d 130, 133 [2015]; People v Robinson, 97 NY2d 341, 349 [2001]; People v Issac, 107 AD3d 1055, 1057 [2013]), and probable cause exists when an officer actually observes the commission of a traffic violation (see People v Rasul, 121 AD3d 1413, 1415 [2014]; People v Portelli, 116 AD3d 1163, 1164 [2014]; People v Hawkins, 45 AD3d 989, 991 [2007], lv denied 9 NY3d 1034 [2008]).  Here, the deputy that initiated the traffic stop testified that, while his car was stationary, he visually estimated that the taxi cab was traveling at a speed of 45 miles per hour, 15 miles per hour in excess of the posted speed limit, and that he confirmed this speed through the use of rear radar.  He also stated that he used front radar, which registered the vehicle's speed at 47 miles per hour.  Inasmuch as the deputy's testimony established that he was trained and certified to visually estimate the speed of a moving vehicle within five miles per hour of the actual speed and his estimation was confirmed by both front and rear radar, probable cause existed to support the stop of the taxi cab in which defendant was a passenger (see People v Ponzo, 111 AD3d 1347, 1347 [2013]; People v McLean, 99 AD3d 1111, 1112 [2012], lv denied 20 NY3d 1013 [2013]; People v White, 40 AD3d 535, 536 [2007], lv denied 9 NY3d 883 [2007]; People v Donaldson, 35 AD3d 1242, 1242-1243 [2006], lv denied 8 NY3d 984 [2007]).

As for the search of defendant, this Court has long held that "[t]he odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle and its occupants" (People v Cuffie, 109 AD3d 1200, 1201 [2013] [internal quotation marks and citation omitted], lv denied 22 NY3d 1087 [2014]; see People v Francois, 138 AD3d 1165, 1166 [2016]; People v Rasul, 121 AD3d at 1415-1416; People v Gaines, 57 AD3d 1120, 1121 [2008]; People v Pierre, 8 AD3d 904, 905 [2004], lv denied 3 NY3d 710 [2004]; People v Chestnut, 43 AD2d 260, 261 [1974], affd 36 NY2d 971 [1975]), and we decline defendant's invitation to depart from this precedent.  Here, the deputies involved in the lawful traffic stop testified that they approached the vehicle from opposite sides, requested that defendant and the driver roll down their respective windows and each immediately detected an odor of marihuana emanating from within the vehicle and from defendant's person once he exited the vehicle.  Contrary to defendant's contention, the record supports the conclusion that the deputies were sufficiently qualified to identify the odor of marihuana, as they separately testified that they received drug training, which included the identification of marihuana visually and by smell, and had extensive on-the-job experience recognizing the odor of marihuana.  Thus, because the requisite probable cause existed for the search, County Court properly denied defendant's motion to suppress the tangible evidence seized from his person (see People v Rasul, 121 AD3d at 1416; People v Pierre, 8 AD3d at 906; People v Chestnut, 43 AD2d at 261-262).

Defendant also argues that his guilty plea was not knowing, voluntary and intelligent because County Court failed to apprise him of the trial-related rights that he waived by pleading guilty (see Boykin v Alabama, 395 US 238, 243 [1969]).  However, defendant failed to preserve this argument by making a postallocution motion to withdraw his plea in the several weeks following his guilty plea and leading up to sentencing (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Sommers, 140 AD3d 1537, 1538 [2016], lv denied 28 NY3d 974 [2016]; People v Walker, 135 AD3d 1244, 1245 [2016]), and a review of the plea colloquy demonstrates that he did not make any statements that cast doubt upon his guilt or called into question the

voluntariness of his plea so as to trigger the narrow exception to the preservation rule (see People v Lopez, 71 NY2d 662, 666 [1988]; People v White, 139 AD3d 1260, 1260 [2016]; People v Walker, 135 AD3d at 1245). In any event, the record as a whole, including the circumstance that defendant pleaded guilty during trial, affirmatively demonstrates that defendant knowingly, intelligently and voluntarily waived his trial-related rights (see People v Pellegrino, 26 NY3d 1063, 1063 [2015]; People v Conceicao, 26 NY3d at 383-384).

Defendant next asserts that he was denied the effective assistance of counsel. However, those claims that relate to the voluntariness of defendant's plea are unpreserved due to his failure to make an appropriate postallocution motion, and those claims that are unrelated to the voluntariness of his plea are foreclosed by his guilty plea (see People v Islam, 134 AD3d 1348, 1349 [2015]; People v Watkins, 121 AD3d 1425, 1427 [2014], lv denied 24 NY3d 1124 [2015]; People v Lohnes, 112 AD3d 1148, 1150 [2013]). With respect to defendant's contention that his sentence is harsh and excessive, given his prior drug-related convictions and that he received significantly less than the maximum permissible sentence (see Penal Law § 70.70 [3] [b] [i]), we discern no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence (see People v Simmons, 122 AD3d 1169, 1169 [2014], lv denied 25 NY3d 1171 [2015]; People v Davis, 83 AD3d 1210, 1213 [2011], lv denied 17 NY3d 794 [2011]; People v Manley, 70 AD3d 1125, 1125 [2010]). Lastly, although County Court referred to defendant as a second felony offender at sentencing, the court actually sentenced defendant as a second felony drug offender (compare Penal Law § 70.06 [3] [b]; [4] [b], with Penal Law § 70.70 [3] [b] [i]) and, thus, the uniform sentence and commitment form must be amended accordingly (see People v Labaff, 127 AD3d 1471, 1472 [2015], lv denied 26 NY3d 931 [2015]; People v Patterson, 119 AD3d 1157, 1159 [2014], lvs denied 24 NY3d 1042, 1046 [2014]; People v Vasavada, 93 AD3d 893, 894 [2012], lv denied 19 NY3d 978 [2012]). The certificate of conviction must be similarly amended (see People v Gathers, 106 AD3d 1333, 1334 [2013], lv denied 21 NY3d 1073 [2013]).

Peters, P.J., Garry, Devine and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form and an amended certificate of conviction.

ENTER:

Robert D. Mayberger
Clerk of the Court