People v Jaggarnine (2018 NY Slip Op 05531)





People v Jaggarnine


2018 NY Slip Op 05531


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, 
v
ISSAC JAGGARNINE, Also Known as TERELL GITTENS, Appellant.

Calendar Date: June 11, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ.


Richard V. Manning, Parishville, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered March 11, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In satisfaction of a three-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, he was sentenced to 3½ years in prison followed by 2½ years of postrelease supervision. Defendant appeals.
Defendant's sole claim is that the sentence is harsh and excessive. Initially, the People concede, and we agree, that defendant's appeal waiver is invalid inasmuch as County Court did not advise defendant of the separate and distinct nature of the waiver. He is therefore not precluded from raising this claim (see People v Cadet, 144 AD3d 1335, 1336-1337 [2016], lv denied 28 NY3d 1143 [2017], cert denied US , 138 S Ct 112 [2017]; People v Stevenson, 119 AD3d 1156, 1156 [2014]). Nevertheless, we find it to be without merit. Defendant's criminal record reflects numerous prior drug felonies and parole violations. In view of this, we find neither extraordinary circumstances nor an abuse of discretion warranting a reduction of the sentence in the interest of justice, particularly given that the sentence imposed was much less than the maximum that defendant could have received (see Penal Law § 70.70 [3] [b] [i]; People v Jones, 155 AD3d 1103, 1106 [2017], lv denied 30 NY3d 1106 [2018]; People v Williams, 145 AD3d 1188, 1191 [2016], lv denied 29 NY3d 1002 [2017]). We further note that although County Court referred to defendant as a second felony offender at sentencing, it actually sentenced him as a second felony drug offender (compare Penal Law § 70.06 [3] [b]; [4] [b], with Penal Law § 70.70 [3] [b] [i]). Therefore, the uniform sentence and commitment form and certificate of conviction must be amended accordingly (see People v Williams, 145 AD3d at 1191).
Garry, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form and an amended certificate of conviction.