People v Dolan (2018 NY Slip Op 07204)





People v Dolan


2018 NY Slip Op 07204


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

109261

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BRIAN J. DOLAN, Appellant.

Calendar Date: September 13, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Rachel Rappazzo, Schenectady, for appellant.
Susan J. Mallery, District Attorney, Schoharie (Michael L. Breen of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered February 1, 2017, convicting defendant upon his plea of guilty of the crime of unlawful manufacture of methamphetamine in the third degree.
On February 7, 2016, a vehicle being operated by defendant was stopped by state troopers for violations of the Vehicle and Traffic Law. Upon approaching the vehicle and speaking to its occupants, the troopers detected the odor of burnt marihuana emanating from inside the vehicle. The troopers thereafter asked for and obtained defendant's consent to search the vehicle, which resulted in the discovery of various items of equipment and precursors used in the manufacture of methamphetamine. As a result, defendant was charged by indictment with criminal possession of precursors of methamphetamine and unlawful manufacture of methamphetamine in the third degree. After County Court denied defendant's motion to suppress the items seized from his vehicle, he pleaded guilty to unlawful manufacture of methamphetamine in the third degree and was sentenced, as a second felony offender, to two years in prison followed by one year of postrelease supervision. He now appeals, solely challenging the denial of his suppression motion.
Defendant does not dispute that the troopers had authority to stop the vehicle based upon, among other things, the failure to signal his intention to turn for the requisite distance before the intersection (see Vehicle and Traffic Law § 1163 [b]; People v Cuffie, 109 AD3d 1200, 1201 [2013], lv denied 22 NY3d 1087 [2014]; People v Tandle, 71 AD3d 1176, 1177-1178 [2010], lv denied 15 NY3d 757 [2010]). As for the ensuing search of the vehicle, it is settled that "the odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle and its occupants" (People v Rasul, 121 AD3d 1413, 1415 [2014] [internal quotation marks, brackets and citations omitted]; accord People v Williams, 145 AD3d 1188, 1190 [2016], lv denied 29 NY3d 1002 [2017]; People v Francois, 138 AD3d 1165, 1166 [2016]). [*2]Here, the troopers involved in the lawful traffic stop testified that they approached the vehicle from opposite sides and, while speaking with defendant and the front-seat passenger through their respective windows, each immediately detected an odor of burnt marihuana emanating from within the vehicle. Contrary to defendant's contention, the record supports the conclusion that the troopers — one of whom is a certified drug recognition expert — possessed the requisite training and experience to identify the distinctive odor of burnt marihuana (see People v Williams, 145 AD3d at 1190; People v Rasul, 121 AD3d at 1415; People v Cuffie, 109 AD3d at 1201). Further, prior to the search, the front-seat passenger admitted to having a marihuana pipe and turned it over to one of the troopers (see People v Ketteles, 62 AD3d 902, 903-904 [2009], lvs denied 13 NY3d 746 [2009]; People v Feili, 27 AD3d 318, 319 [2006], lv denied 6 NY3d 894 [2006]; cf. People v McRay, 51 NY2d 594, 601 [1980]). In light of the circumstances presented and the observations made by the troopers, probable cause existed to search the vehicle (see People v Kaid, 163 AD3d 1151, 1152 [2018], lv denied ___ NY3d ___ [Sept. 20, 2018]; People v Williams, 145 AD3d at 1190; People v Rasul, 121 AD3d at 1415; People v Cuffie, 109 AD3d at 1201; People v Horge, 80 AD3d 1074, 1074-1075 [2011]). Moreover, as the troopers' request for consent was based upon a founded suspicion that criminality was afoot, defendant's consent to search the vehicle was validly obtained and provided an additional basis for the search (see People v Nelson, 156 AD3d 1112, 1113-1114 [2017], lvs denied 31 NY3d 1145, 1151, 1152 [2018]; People v Boyea, 44 AD3d 1093, 1094-1095 [2007]; see generally People v Hodge, 44 NY2d 553, 559 [1978]). Accordingly, defendant's suppression motion was properly denied.
Egan Jr., J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.