People v Hines (2019 NY Slip Op 03853)





People v Hines


2019 NY Slip Op 03853


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

110618

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAMEL HINES, Appellant.

Calendar Date: March 26, 2019

Before: Garry, P.J., Clark, Mulvey and Rumsey, JJ.


Coleman & Haas, LLP, Albany (Cheryl Coleman of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan Catania of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered May 8, 2017, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Following two controlled buys of marihuana at an apartment in the City of Albany, a search warrant (hereinafter the first warrant) was executed at the apartment, and defendant was found inside with marihuana and items associated with its sale. Upon his arrest, a key fob for his vehicle was found on his person. A detective lieutenant (hereinafter the lieutenant) approached the vehicle, which was parked on the street outside the apartment, and noticed a "very strong" odor of marihuana emanating from the car. He opened a door and partly entered the car (hereinafter the warrantless search), but then exited the car to determine whether the first warrant included the vehicle. He learned that the car was not encompassed in the first warrant, and a search warrant for the vehicle (hereinafter the second warrant) was obtained. In the ensuing search, marihuana and a gun were found in the vehicle.
Defendant was charged with criminal possession of a weapon in the second degree, criminal possession of marihuana in the first degree and criminal possession of marihuana in the third degree. Following a hearing, County Court denied defendant's motion to suppress the gun and the marihuana. Defendant pleaded guilty to attempted criminal possession of a weapon in the second degree pursuant to an agreement by which he reserved his right to appeal the suppression ruling. He was sentenced as a second felony offender, in accordance with the plea agreement, to a prison term of five years followed by five years of postrelease supervision. Defendant appeals.
In denying defendant's suppression motion, County Court found that the warrantless search was supported by probable cause and was permissible under the automobile exception to the warrant requirement and, further, that the inevitable discovery doctrine applied even if the [*2]warrantless search was improper [FN1]. Turning first to the warrantless search, police officers may conduct a warrantless search of a vehicle, as pertinent here, "when they have probable cause to believe that evidence or contraband will be found there" and a nexus exists between the probable cause and a defendant's arrest (People v Galak, 81 NY2d 463, 467 [1983]; see People v Jemmott, 116 AD3d 1244, 1246 [2014]). The automobile exception to the warrant requirement is not based solely upon the mobility of vehicles, but also on the "reduced expectation of privacy in an automobile" (Pennsylvania v Labron, 518 US 938, 940 [1996]; see People v Galak, 81 NY2d at 467). Thus, the automobile exception is not limited to vehicles that are moving or occupied when observed by police and may also be applied when, as here, a vehicle is parked in "a public place where access [is] not meaningfully restricted" (Cardwell v Lewis, 417 US 583, 593 [1974]; see People v Orlando, 56 NY2d 441, 445-446 [1982]; People v Baez, 24 AD3d 112, 116 [2005], lv denied 6 NY3d 809 [2006]).
The testimony at the suppression hearing established that, upon entering the apartment to execute the search, police saw several individuals, including defendant, in the apartment's front room, as well as marihuana, currency, scales and "baggies" often used to package marihuana in plain view on a table. Defendant ran into a back room, where he was taken into custody. A detective removed the key fob from his pocket and gave it to the lieutenant, who went outside and used the fob to locate the vehicle, which was parked across the street from the apartment.
The lieutenant testified that he was familiar with the smell of marihuana, was trained to recognize the odor and had smelled it on prior occasions. He testified that he could smell marihuana as he "started walking over to [defendant's] vehicle." He opened a door on the passenger side, kneeled on the seat, looked around and noticed a bag in the backseat. Before he found any contraband, something "clicked in [his] head" and caused him to realize that he did not know whether the vehicle was included in the first warrant. He exited and locked the vehicle and spoke with a detective sergeant. As the first warrant did not cover the vehicle, the lieutenant advised the detective sergeant that a second warrant should be obtained as "you can smell [marihuana] as soon as you walk up to the car." While the process of obtaining the second warrant was underway, a tow truck was summoned. The lieutenant again entered the vehicle, intending to drive it to the truck, but was advised that the vehicle could not be moved until the second warrant was obtained. He directed the tow truck to leave the scene; the tow truck returned after the second warrant was signed and transported the vehicle to the police station, where the vehicle was searched. The lieutenant testified that a gun and one or two pounds of marihuana were found in the bag in the backseat, and an additional eight or nine pounds of marihuana were found in the trunk.
The warrantless search was permissible under the automobile exception. "[I]t is well established that the odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle" (People v Cuffie, 109 AD3d 1200, 1201 [2013] [internal quotation marks, brackets and citations omitted], lv denied 22 NY3d 1087 [2014]; accord People v Williams, 145 AD3d 1188, 1190 [2016], lv denied 29 NY3d 1002 [2017]; People v Rasul, 121 AD3d 1413, 1415 [2014]; see People v Kaid, 163 AD3d 1151, 1151-1152 [2018], lv denied 32 NY3d 1005 [2018]). A nexus existed between defendant's arrest and the warrantless search because defendant was found with the key fob in an apartment with a quantity of marihuana, his vehicle — smelling strongly of marihuana — was parked nearby and "the search was reasonably close in time and place to the point of arrest" (People v Blasich, 73 NY2d 673, 681 [1989]; see People v Orlando, 56 NY2d at 446-447; People v Myers, 303 AD2d 139, 144-145 [2003], lv denied 100 NY2d 585 [2003]; see generally People v Belton, 55 NY2d 49, 54-55 [1982]).
We find no merit in defendant's contention that the warrantless search was impermissible because the lieutenant testified that he had already decided to search the vehicle before he noticed the smell of marihuana. It is well established that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis" (Whren v United States, 517 US 806, 813 [1996]) and that the validity of a search or seizure under the Federal and State Constitutions does not depend "on judicial determinations of the subjective motivation of police officers" (People v Garvin, 30 NY3d 174, 186 [2017] [internal quotation marks and citations omitted], cert denied ___ US ___, 139 S Ct 57 [2018]; see Kentucky v King, 563 US 452, 464 [2011]). Instead, probable cause analysis is based upon reasonableness, and a search or seizure is permissible where, as here, "the circumstances, viewed objectively, justify the action" (People v Garvin, 30 NY3d at 186 [internal quotation marks and citation omitted]; see Whren v United States, 517 US at 814). As the smell of marihuana outside the vehicle objectively provided probable cause for the warrantless search, the lieutenant's subjective intentions are irrelevant.
To the extent that defendant questions the credibility of the lieutenant's testimony that he was able to smell marihuana outside the vehicle, this Court defers to County Court's factual determination that the lieutenant noticed the smell as he walked toward the vehicle, as well as its findings that he and the other police witnesses were "frank, candid, and trustworthy" and that "their testimony had the general force and flavor of credibility" (see People v Madera, 163 AD3d 1295, 1296 [2018], lv denied 32 NY3d 1005 [2018]; People v Robinson, 156 AD3d 1123, 1130 [2017], lv denied 30 NY3d 1119 [2018])[FN2]. Thus, the court properly determined that the warrantless search was permissible.
As a result of this determination, we need not address the parties' arguments about the inevitable discovery doctrine.
Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The People concede that the lieutenant's entry into the vehicle before the second warrant was obtained was a search.

Footnote 2: We note that the record does not support defendant's argument that the lieutenant contradicted his own testimony as to when he smelled marihuana by stating in the search warrant application that he was "securing" the vehicle when he noticed the smell. The lieutenant did not in fact complete the warrant application; that task was undertaken by another detective who had not approached the car, and who based his statements in the application on what he was told by the detective sergeant, who in turn had spoken with the lieutenant.