People v Hightower (2020 NY Slip Op 04513)





People v Hightower


2020 NY Slip Op 04513


Decided on August 13, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 13, 2020

109714

[*1]The People of the State of New York, Respondent,
v
Aaron L. Hightower, Appellant.

Calendar Date: May 22, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered August 9, 2017, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fourth degree, criminal possession of a weapon in the third degree, attempted tampering with physical evidence and obstructing governmental administration in the second degree.
On February 12, 2016, a Warren County deputy sheriff observed a vehicle that appeared to be outside its lane on State Route 9 in the Town of Queensbury, Warren County. The deputy followed the vehicle, but lost it after stopping at a red light. The deputy then contacted the State Police to be on the lookout for the vehicle. Shortly thereafter, the deputy and a state trooper observed the vehicle on Interstate 87 in Warren County and followed it. Defendant was the sole occupant and operator of the vehicle. The trooper observed defendant throw a lit cigarette out of the driver side window — a traffic violation — while driving in Warren County and subsequently stopped the vehicle in the Town of Moreau, Saratoga County. Because the trooper smelled marihuana as he approached, he directed defendant to exit and proceeded to execute a pat-down search of him, which search revealed metal knuckles in defendant's front sweatshirt pocket. At the same time, the trooper's partner searched the vehicle and discovered 1.1 grams of marihuana in the center console. A K-9 officer was then employed to conduct a search of the vehicle, resulting in "hits" on the console and the driver's seat. Defendant was handcuffed and transported to the State Police barracks in Queensbury. During transport, the trooper continued to smell marihuana emanating from defendant. At the barracks, the trooper and deputy conducted a strip search of defendant, which ultimately revealed 9½ grams of marihuana and approximately seven grams of cocaine. Rather than handing over the bag of cocaine, defendant threw it into the air and attempted to swallow it, but was unsuccessful.
Defendant was thereafter charged in a four-count indictment with criminal possession of a controlled substance in the fourth degree, criminal possession of a weapon in the third degree, attempted tampering with physical evidence and obstructing governmental administration in the second degree. Defendant moved to dismiss the indictment on various grounds, including that it was jurisdictionally defective in that the stop occurred in Saratoga County, but the indictment was issued out of Warren County. County Court found, after inspecting the grand jury minutes, that Warren County had jurisdiction under CPL 20.40 (4). Defendant also moved, among other things, to suppress the physical evidence obtained from the search of his person and the vehicle, and to specifically dismiss the count of criminal possession of a controlled substance in the fourth degree due to an illegal strip search. After a suppression hearing, County Court denied the motion, finding that there was probable cause to justify the pat search and the search of defendant's vehicle and that the strip search of defendant at the police barracks was warranted.
After a jury trial, defendant was found guilty of all charges. Prior to sentencing, a juror sent a letter and photographs of herself to the deputy, expressing a romantic interest in him. The deputy informed all parties of the letter, and defendant moved to set aside the verdict, claiming that the letter indicated that the juror was not impartial. After a hearing, County Court denied defendant's motion, finding that the juror did not have a preexisting view of the deputy prior to him testifying that prevented her from being fair and impartial. Defendant was thereafter sentenced, as a second felony offender, to prison terms of eight years, followed by three years of postrelease supervision, for his conviction of criminal possession of a controlled substance in the fourth degree, 3½ to 7 years for his conviction of criminal possession of a weapon in the third degree, to run consecutively to the first sentence, and to lesser concurrent terms on the remaining convictions. Defendant appeals.
Defendant contends that County Court erred in denying his motion to suppress the evidence resulting from the search of his person and the vehicle. Specifically, he contends that, although the trooper was within his right to ask for identification and to have him exit the vehicle, the trooper did not have a reasonable belief that a crime had been committed to warrant said searches. Vehicle and Traffic Law § 1220 (a) prohibits a person from throwing refuse, trash, garbage or litter upon the highway. "Police may validly stop a vehicle based on probable cause that the driver committed a traffic violation" (People v Weishaupt, 118 AD3d 1100, 1102 [2014] [citations omitted]; see People v Issac, 107 AD3d 1055, 1057 [2013]). "[P]robable cause exists for a traffic stop if an officer observes a defendant committing a traffic violation" (People v Portelli, 116 AD3d 1163, 1164 [2014]). Here, the trooper testified at the suppression hearing that he observed a lit cigarette being thrown from the driver side window of the vehicle. Based upon this observation, the trooper's subsequent stop of the vehicle was lawful (see People v Horge, 80 AD3d 1074, 1074 [2011]).
"[I]t is well established that the odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle and its occupants" (People v Rasul, 121 AD3d 1413, 1415 [2014] [internal quotation marks, brackets and citations omitted]; see People v Hines, 172 AD3d 1649, 1651 [2019], lv denied 34 NY3d 951 [2019]; People v Williams, 145 AD3d 1188, 1190 [2016], lv denied 29 NY3d 1002 [2017]). The trooper testified at the suppression hearing that he had received training in identifying the odor of marihuana in both its unburnt and burnt form and has 16 years of experience as an officer in detecting its smell.[FN1] He further recounted that, as he approached the vehicle, he detected a strong odor of marihuana, despite the fact that the windows were rolled up; once the windows were lowered, the smell of marihuana "increased significantly." We find that, under these circumstances, the trooper had reasonable suspicion to search defendant and his vehicle (see People v Hines, 172 AD3d at 1651; People v Williams, 145 AD3d at 1190).
Defendant further argues that the strip search at the police barracks was not justified. "[I]t is clear that a strip search must be founded on a reasonable suspicion that the arrestee is concealing evidence underneath clothing and the search must be conducted in a reasonable manner" (People v Hall, 10 NY3d 303, 310-311 [2008], cert denied 555 US 938 [2008]; see People v Cogdell, 126 AD3d 1136, 1138 [2015], lv denied 25 NY3d 1200 [2015]). The trooper testified at the suppression hearing that the search of the vehicle led to the discovery of 1.1 grams of marihuana in the center console. A K-9 search of the vehicle revealed "hits" at both the center console and the driver's seat. According to the trooper, during the transport of defendant to the State Police barracks, the smell of marihuana was "overwhelming." At the barracks, defendant was handcuffed to a bench and the trooper continued to smell marihuana. Each time the trooper asked defendant if he had marihuana on him, he denied it. After defendant was advised that he was to be strip-searched, he was taken to a private interview room and the search was conducted by two male officers. Defendant was asked to remove one article of clothing at a time; when he was down to his underwear, defendant handed over the marihuana, and the cocaine was revealed shortly thereafter. Given this evidence, a reasonable suspicion existed that defendant was concealing evidence and we find that the search was conducted in a reasonable manner (see People v Turner, 178 AD3d 70, 75 [2019]; People v Cogdell, 126 AD3d at 1138).
Defendant next contends that the grand jury was misled with respect to geographical jurisdiction thus rendering the grand jury proceedings defective. Specifically, defendant claims that, although the trooper testified before the grand jury that he had stopped defendant within 500 yards of Warren County, he later testified at the suppression hearing that this was not the case. Defendant further argues that, once the People became aware of this "error," they were obligated to seek a new accusatory instrument.
A grand jury proceeding is defective where "[t]he proceeding otherwise fails to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]). The defendant bears the burden of demonstrating the existence of defects impairing the integrity of the grand jury proceeding and giving rise to the possibility of prejudice (see CPL 210.45 [1]; People v Lashua, 264 AD2d 951, 952 [1999]). "Dismissal of an indictment pursuant to CPL 210.35 (5) is a drastic, exceptional remedy and should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (People v Miller, 110 AD3d 1150, 1150 [2013] [internal quotation marks and citations omitted]; see People v Norman, 154 AD3d 1185, 1186 [2017], lv denied 31 NY3d 986). Jurisdiction is established when "conduct occurred within such county sufficient to establish an element of such offense" (CPL 20.40 [1] [a]). "[A]n offense committed within 500 yards of the boundary of a particular county, and in an adjoining county of this state, may be prosecuted in either such county" (CPL 20.40 [4] [c]). Additionally, "[a]n offense committed in a private vehicle during a trip thereof extending through more than one county may be prosecuted in any county through which such vehicle passed in the course of such trip" (CPL 20.40 [4] [g]).
The relevant testimony of the trooper before the grand jury was in accord with his testimony at the suppression hearing, except for the actual location of the stop. He testified both times that defendant discarded the cigarette in Warren County, that while he was following him, defendant never stopped the vehicle, and no one entered or exited the vehicle while it was in transit. During the grand jury proceedings, the grand jury sought clarification as to jurisdiction. The People's instructions did not limit the source of jurisdiction to 500 yards from the boundary of the counties, but instead provided the grand jury with multiple theories as to its source. Although the trooper clearly made a mistake in his grand jury testimony, defendant did not show that this was prosecutorial wrongdoing or fraudulent conduct. Based upon a review of the grand jury minutes and appropriate instructions, we find that County Court correctly determined that dismissal of the indictment was not warranted on the basis alleged by defendant.
Defendant next maintains that County Court erred in denying his motion to set aside the verdict based on juror misconduct as a result of the letter that the juror sent to the deputy. CPL 330.30 (2) provides, as relevant here, that "the court may, upon motion of the defendant, set aside or modify the verdict or any part thereof upon the . . . ground[]
. . . [t]hat during the trial there occurred, out of the presence of the court, improper conduct by a juror, . . . which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict" (see People v Hartle, 159 AD3d 1149, 1154 [2018], lv denied 31 NY3d 1082 [2018]. Notably, "not every misstep by a juror rises to the inherently prejudicial level at which reversal is required" (id. at 1154 [internal quotation marks and citation omitted]). "Each case must be examined on its unique facts to determine the nature of the misconduct and the likelihood that prejudice was engendered" (People v Irizarry, 83 NY2d 557, 561 [1994] [internal quotation marks and citation omitted]; see People v Douglas, 57 AD3d 1105, 1106 [2008], lv denied 12 NY3d 783 [2009]). County Court "is 'vested with discretion' in deciding [such] motion, and its factual findings — including credibility determinations — typically are upheld 'if they are supported by evidence in the record'" (People v Tubbs, 115 AD3d 1009, 1012 [2014], quoting People v Rodriguez, 100 NY2d 30, 35 [2003]).
After the deputy informed County Court and counsel of the juror's letter, a hearing was held, wherein the juror testified that she did not know the deputy prior to the trial, she judged the deputy's testimony based on credibility and not by his physical appearance, and she did not speak to any jurors about the deputy; after the trial, she learned of the deputy's exemplary work with K-9s by searching the Internet. County Court determined that the juror was credible, had no interaction with the deputy prior to his testimony and was not prevented from rendering a fair and impartial verdict. We agree with County Court that the juror's feelings for the deputy did not prevent her from being unbiased, fair and impartial (see People v Rodriguez, 100 NY2d at 35; People v Tubbs, 115 AD3d at 1012-1013). As such, defendant's motion was properly denied.
Finally, defendant asserts that his sentence was harsh and excessive. "It is well settled that a sentence that falls within the permissible statutory ranges will not be disturbed unless it can be shown that the sentencing court abused its discretion or that extraordinary circumstances exist warranting a modification in the interest of justice" (People v Simmons, 122 AD3d 1169, 1169 [2014] [internal quotation marks, brackets and citations omitted], lv denied 25 NY3d 1171 [2015]; see People v Williams, 145 AD3d 1188, 1191 [2016], lv denied 29 NY3d 1002 [2017]). Defendant is a second felony offender, who had two prior felonies and six misdemeanor convictions, had his parole revoked on four or five occasions and had several out-of-state convictions. As we discern no extraordinary circumstances or abuse of discretion that would warrant a modification of the sentence, which was within the statutory range, we decline to disturb it.
Garry, P.J., Lynch, Clark and Devine, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: In fact, he testified that he has, throughout the course of his career, smelled unburnt marihuana "well over 2,000 times."