People v Ford (2021 NY Slip Op 50262(U))

[*1]

People v Ford (Lenroy)

2021 NY Slip Op 50262(U) [71 Misc 3d 129(A)]

Decided on March 26, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 26, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Higgitt, J.P., Brigantti, Hagler, JJ.

570130/20

The People of the State of New York,
Appellant,
against
Lenroy Ford, Defendant-Respondent.

The People appeal from an order of the Criminal Court of the City of New York, Bronx
County (Laurence E. Busching, J.), entered December 13, 2019, which granted defendant's
motion to suppress evidence.

Per Curiam.
Order (Laurence E. Busching, J.), dated December 13, 2019, reversed, on the law, the motion
denied and matter remanded for further proceedings.
Based upon the findings of fact and credibility determinations made by the suppression court,
which we do not disturb, we arrive at a different conclusion of law. We hold that the stop of
defendant's vehicle was lawful because the police officer had probable cause to believe that
defendant committed one or more traffic violations (see People v Hinshaw, 35 NY3d
427, 430 [2020]).
The testimony at the hearing established that police initially observed defendant driving in
the northbound lane of Boston Road as his vehicle approached a red light. The officer testified
that defendant was driving "very erratically," conduct the officer described as driving in the lane
for straight travel and then abruptly going around two cars and entering the turning lane, while
the vehicle's tires made a screeching noise. After defendant's vehicle made a left turn in front of
the police vehicle, the officers followed, and thereafter observed defendant's vehicle make
several very quick turns without signaling. The police then stopped the vehicle and observed that
there was an odor of alcohol on defendant's breath and that his eyes were bloodshot.
A traffic stop is permitted when an officer has probable cause to believe that the driver of an
automobile has committed a traffic violation (see People v Hinshaw, 35 NY3d at 430).
Here, the officer's testimony, found to be both "credible" and "candid" by the suppression court,
was sufficient to establish that he had a reasonable basis to believe that defendant committed
traffic violations under New York law, including turning without signaling, and was, therefore,
justified in stopping defendant's vehicle (id. at 433 n 4; People v Jarrett, 157 AD3d 534
[2018], lv denied [*2]31 NY3d 1014 [2018]; People v Rasul, 121 AD3d 1413,
1415 [2014]). 
Although the suppression court relied upon the "lack of detail" in the officer's testimony as a
basis for granting the suppression motion, probable cause "does not require proof sufficient to
warrant a conviction beyond a reasonable doubt but merely information sufficient to support a
reasonable belief that an offense has been or is being committed or that evidence of a crime may
be found in a certain place" (People v
Guthrie, 25 NY3d 130, 133 [2015][emphasis and citation omitted]). Here, the credited
and uncontradicted testimony of the sole witness at the suppression hearing (whose testimony
was not impeached), established that a trained police officer observed defendant driving
erratically and making several turns without signaling. It follows that the stop was justified
(see People v Hinshaw, 35 NY3d at 433, n 4), "even though the officer's primary
motivation to stop the vehicle may have been other than the traffic violation" (id. at
430, citing People v Robinson, 97 NY2d 341, 349 [2001]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: March 26, 2021