OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law and facts, accusatory instrument dismissed and fine, if paid, remitted.
*637 Defendant was charged with driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) in October 2000. Insofar as is relevant to this appeal, a Dunaway hearing was subsequently held after which the court found that the police officer had an articulable reason to stop defendant and, thus, it denied the Dunaway motion. Upon a review of the hearing record, we find that the defendant’s Dunaway motion should have been granted in that the officer did not have probable cause to stop defendant.
In People v Robinson (97 NY2d 341 [2001]), the Court of Appeals adopted the holding of Whren v United States (517 US 806 [1996]), wherein the Supreme Court found that pretext stops are permitted as a matter of law so long as the police officer has probable cause to believe that a traffic violation occurred (see also People v Wright, 98 NY2d 657 [2002]).
Herein, the officer testified that he observed defendant’s vehicle, which was two cars in front of his police car, traveling at about 10 to 15 miles per hour. He was not sure of the posted speed limit, but “maybe” it was 30 miles per hour. He waited for the car directly in front of him to cross over the double yellow line to pass defendant before he pulled defendant over to see if anything was wrong with the car or if something was wrong with defendant. The officer further testified that he had no training in the visual estimation of the speed of moving vehicles and deduced that defendant was driving at about 10 to 15 miles per hour based on his police car’s speedometer which, he conceded, could have been inaccurate. Inasmuch as no testimony was provided regarding the actual posted speed limit and it is questionable whether defendant was driving 10 to 15 miles per hour given the officer’s admission that his police car’s speedometer could have been incorrect, we find that the officer’s act of stopping defendant was not based on probable cause (see Whren v United States, supra; People v Wright, supra; People v Robinson, supra). Accordingly, defendant’s Dunaway motion is granted and the accusatory instrument is dismissed inasmuch as no probable cause existed for the stop of defendant’s vehicle.
Aronin, J.P., Patterson and Rios, JJ., concur.