OPINION OF THE COURT
Memorandum.
Order unanimously affirmed.
The amended return in this case indicates that the defendant was seen by a state trooper driving over the white hazard lines on Route 17 in the Town of Goshen at 1:55 a.m. The vehicle was stopped for a routine traffic stop. As one trooper approached the driver and asked for the vehicle registration and driver’s license, he smelled the “strong odor of burnt marijuana.” The driver was then instructed to exit the vehicle. The trooper did not see any smoke or marijuana in plain view. When the trooper patted down the outside of the defendant’s pants pocket and felt something “soft and slippery,” the trooper removed a bag of marijuana from defendant’s pants pocket. The defendant was asked if there was any marijuana in the vehicle and a search of the interior of the vehicle and the trunk was conducted. In response to the questioning, defendant merely stated that he had smoked marijuana earlier, that he was unable to drive and that he had passed out that day. A silver clip was found in the interior of the vehicle allegedly containing contraband. During the search of the trunk, a cereal box was also recovered containing numerous blue pills. The trooper “knew it was some kind of controlled substance.” The defendant was then placed under arrest. After he was read his Miranda rights, the trooper questioned the defendant again. The defendant reiterated that he had smoked earlier in the day, that he had passed out and was unable to drive his vehicle.
The hearing court found that the search of the defendant’s pants pocket was unwarranted and granted suppression of the property and drugs recovered from the defendant and the automobile, his statements to the police and the results of the field sobriety and chemical tests. The People appeal from said order and argue that probable cause existed to stop and search the defendant and the automobile.
The initial stop of the vehicle for a traffic infraction based upon the officer’s observations was lawful and it was permissible for the officer to order the defendant to exit the vehicle (People v Robinson, 97 NY2d 341 [2001]). Generally, a motorist stopped by police for a traffic infraction may not be searched *69 unless, when the vehicle is stopped, there are reasonable grounds for believing the motorist is guilty of a crime, distinct from a traffic offense (People v Belton, 55 NY2d 49, 54 [1982]), the officers are in jeopardy, contraband is in plain view, or there is suspicious movements by the defendant (see People v Adams, 32 NY2d 451 [1973]; People v Maldonado, 251 AD2d 48 [1998]). In the instant case, there was no testimony set forth in the amended return establishing any of the foregoing situations so as to warrant a search.
It is well settled that the smell of marijuana alone is sufficient to provide trained and experienced police officers in the area of narcotics probable cause to search a vehicle and its occupants (People v Chestnut, 43 AD2d 260 [1974], affd 36 NY2d 971 [1975]; People v Turchio, 244 AD2d 366, 367 [1997]; People v Gresty, 237 AD2d 931 [1997]; People v Mangan, 55 AD2d 247 [1976]). For a hearing court to make a finding that an officer had probable cause to conduct a search, the officer’s expertise, training or experience with respect to knowledge of the smell of burnt marijuana must be adequately developed in the record (see People v Martin, 169 AD2d 1006, 1007 [1991]; People v Chestnut, 43 AD2d at 262; see also Matter of Obulio M., 106 AD2d 297 [1984]; People v Mandato, 195 Misc 2d 636 [App Term, 2d Dept 2003]). As we are bound by the court’s return (People v Prior, 4 NY2d 70 [1958]), the hearing court properly determined that the troopers lacked probable cause to search the defendant since there was no testimony regarding their training or experience in identifying the smell of burnt marijuana. Thus, the search of the defendant and the subsequent search of the automobile were not justified, and the marijuana was properly suppressed by the hearing court. In addition, the silver clip containing contraband, the pills, the statements made by the defendant after the illegal search and arrest, and the results of the field sobriety and chemical tests were also properly suppressed under the fruit of the poisonous tree doctrine (see Wong Sun v United States, 371 US 471 [1963]; see also CPL 710.20 [4]).
McCabe, EJ., Rudolph and Angiolillo, JJ., concur.