■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRYSTIAN A. WYATT, Respondent. [61 NYS3d 606]—

Appeals by the People (1) from an order of the Supreme Court, Queens County (Lopez, J.), dated May 2, 2016, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress the results of a breathalyzer test, physical evidence, and the defendant's statements to law enforcement officials, and (2), as limited by their brief, from so much of an order of the same court dated October 5, 2016, as, upon reargument, adhered to the determination in the order dated May 2, 2016.

Ordered that the appeal from the order dated May 2, 2016, is dismissed, as that order was superseded by the order dated October 5, 2016, made upon reargument; and it is further,

Ordered that the order dated October 5, 2016, is reversed insofar as appealed from, on the law and the facts, upon reargument, the order dated May 2, 2016, is vacated, suppression of the results of the breathalyzer test, physical evidence, and the defendant's statements to law enforcement officials is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

According to the testimony adduced at a suppression hearing, on May 18, 2015, at approximately 8:30 p.m., a police officer was on duty with his partner in a parked marked police vehicle in a residential neighborhood in Queens County where the speed limit is 25 miles per hour. The officer observed a white Chrysler sedan (hereinafter the vehicle) traveling toward him at a high rate of speed. The officer activated his siren to warn the driver of the vehicle to slow down, and observed the vehicle then fishtail slightly when the driver slammed on the brakes to stop for a red traffic signal located behind the officer's parked vehicle. After the light turned green, the vehicle proceeded ahead and the officer made a U-turn and followed it before pulling it over for speeding. The officer asked the defendant, who was driving the vehicle, for his license and registration. In response, the defendant admitted that his license was suspended. The officer noticed that the defendant was nervous, agitated, and excited, with a flushed face, watery eyes, and the smell of alcohol on his breath. The defendant was unsteady when he exited the vehicle, and the officer observed an empty bottle of vodka between the driver's seat and where the door would be when it was closed. Believing that the defendant was intoxicated, the officer arrested him and brought him back to the precinct station house, where the defendant was administered a breathalyzer test which indicated that he had a .246 blood alcohol content. The defendant was indicted on charges of aggravated driving while intoxicated, driving under the influence of alcohol, unlicensed operation of a motor vehicle, and aggravated unlicensed operation of a motor vehicle in the first degree (two counts).

Thereafter, the defendant made an omnibus motion, among other things, to suppress the results of the breathalyzer test, the physical evidence, and his statements to law enforcement officials on the ground, inter alia, that the evidence was obtained in violation of the constitutional prohibition against unreasonable searches and seizures. After a hearing, the Supreme Court granted that branch of the defendant's omnibus motion. The People then moved to reargue and, upon reargument, the court adhered to its original determination. The People appeal, and we reverse.

The stop of a vehicle is a seizure implicating constitutional limitations even if the purpose of the stop is limited and the resulting detention is brief (see People v Spencer, 84 NY2d 749, 752 [1995]). Insofar as relevant here, a vehicular stop requires probable cause to believe that the driver has committed a traffic violation (see People v Robinson, 97 NY2d 341, 348-349 [2001]; People v White, 40 AD3d 535, 536 [2007]).

Here, the officer stopped the defendant's vehicle for speeding. The People met their burden of establishing the legality of the stop through the officer's testimony that the vehicle was traveling toward him at a high rate of speed, and it fishtailed when the defendant slammed on the brakes to stop for the red traffic signal located behind the officer's vehicle (*see People v Robinson*, 97 NY2d at 347; *People v Olsen*, 22 NY2d 230, 232 [1968]; *People v Haynes*, 16 AD3d 434, 435 [2005]). Under the totality of the circumstances, including the officer's training in visual speed estimation, the officer had probable cause to stop the vehicle driven by the defendant for driving at a speed greater than 25 miles per hour (*see People v Olsen*, 22 NY2d at 231-232).

Accordingly, the Supreme Court should have denied that branch of the defendant's omnibus motion which was to suppress the results of the breathalyzer test, the physical evidence, and the defendant's statements to law enforcement officials. Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.