The People of the State of New York, Respondent,
against
Bruce Clayton, Appellant.




Jamie T. Ferrara, for appellant.
Orange County District Attorney (Elizabeth L. Schulz, of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Chester, Orange County (Janet Haislip, J.), rendered October 11, 2016. The judgment convicted defendant, after a nonjury trial, of driving while ability impaired, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, the accusatory instrument charging defendant with driving while ability impaired is dismissed, and the fine and surcharge, if paid, are remitted.
On April 24, 2015, the People charged defendant, in separate simplified traffic informations, with driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) and speeding (Vehicle and Traffic Law § 1180 [d]). At a nonjury trial, which, with defendant's consent, also served as a probable cause hearing upon defendant's motion to suppress statements and physical evidence (cf. CPL 710.40 [3]; People v James, 146 AD3d 574, 574 [2017]), the arresting officer testified that, employing a radar device from a stationary position, she had measured defendant's speed as 46 miles per hour in a 30 miles per hour speed zone. The sole proof offered of the calibration of the radar device consisted of two calibration test certificates, one dated several months prior to the incident, and the second dated shortly thereafter. The Justice Court rejected the second certificate because it was not in admissible form, and, citing the earlier certificate's age, acquitted defendant of speeding. However, citing the different standards [*2]of proof applicable to trials and probable cause determinations, the court concluded that there was probable cause for the vehicle stop and convicted defendant of driving while ability impaired. Upon a review of the record, we find that the court should also have ruled that the People failed to establish that there was probable cause to stop defendant for speeding.
" 'A traffic stop is . . . permissible . . . when 'a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation' " (People v Guthrie, 25 NY3d 130, 133 [2015], quoting People v Robinson, 97 NY2d 341, 349 [2001]). "Probable cause . . . 'does not require proof . . . beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed' " (People v Guthrie, 25 NY3d at 133, quoting People v Bigelow, 66 NY2d 417, 423 [1985]; see e.g. People v Newcomb, 58 Misc 3d 153[A], 2018 NY Slip Op 50145[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). " ' [I]t need merely appear more probable than not that [an offense] has taken place and that the one arrested is its perpetrator' " (People v Wright, 8 AD3d 304, 307 [2004], quoting People v Hill, 146 AD2d 823, 824 [1989]; see also CPL 70.10 [2]; People v Williams, 127 AD3d 1114, 1116 [2015]).
A qualified officer's visual estimate that an individual's speed exceeded the speed limit by a wide margin may suffice to support a speeding conviction (see People v Olsen, 22 NY2d 230 [1968]; People v Saleh, 59 Misc 3d 132[A], 2018 NY Slip Op 50473[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Didio, 14 Misc 3d 128[A], 2006 NY Slip Op 52496[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]), and necessarily, a probable cause determination (see e.g. People v Wyatt, 153 AD3d 1371, 1373 [2017]). A reading from a radar device shown to have been properly calibrated is also sufficient to support a speeding conviction (see People v Dusing, 5 NY2d 126, 128 [1959]; People v Linden, 52 Misc 3d 134[A], 2016 NY Slip Op 51019[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v Solanet, 44 Misc 3d 138[A], 2014 NY Slip Op 51253[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Gold, 42 Misc 3d 139[A], 2014 NY Slip Op 50173[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). While a reading from an "untested" radar device alone is insufficient to support a speeding conviction (see People v Dusing, 5 NY3d at 128), when that evidence is coupled with a speed estimate by a qualified police officer, it is sufficient to support a conviction (see People v Magri, 3 NY2d 562, 567 [1958]; People v Tsys, 29 Misc 3d 143[A], 2010 NY Slip Op 52213[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]), because "any perceived deficiency in the radar evidence is of no consequence" (People v Knight, 72 NY2d 481, 488 [1988]; see People v Schnitzler, 37 Misc 3d 143[A], 2012 NY Slip Op 52288[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Kogosov, 15 Misc 3d 139[A], 2007 NY Slip Op 50944[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). However, here, the officer who stopped defendant conducted no calibration tests on the day of the incident (cf. Matter of Winer v Adduci, 141 AD2d 827 [1988] [the accuracy of a radar device was sufficiently established by the officer's using a tuning fork and an internal calibration test before and after stopping the defendant]) and offered no opinion evidence whatsoever as to defendant's speed, relying solely on the readout of the radar device, deployed in a stationary position, to measure the speeds of passing vehicles (see People v Fallah-Braimah, 57 Misc 3d 144[A], 2017 NY Slip Op 51445[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). 
In our view, the calibration that had been performed nearly six months before the incident [*3]could not be accorded sufficient evidentiary weight to support a finding of speeding beyond a reasonable doubt. Similarly, standing alone, that evidence was insufficient to support a probable cause determination for the stop, notwithstanding the different burden of proof. We note that the standards of review with respect to the sufficiency of proof of speeding at a trial are generally applicable in the probable cause context (see e.g. People v Wyatt, 153 AD3d at 1373; People v Freeman, 37 Misc 3d 142[A], 2012 NY Slip Op 52281[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Thus, absent probable cause for the stop of defendant's vehicle, defendant's statement, the observations of defendant's performance of the field sobriety tests, and the chemical test result should have been suppressed (see People v Hanson, 5 Misc 3d 67, 69 [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). Since, without that evidence, there could not be sufficient evidence to prove defendant's guilt of driving while ability impaired, the accusatory instrument charging that offense must be dismissed (see People v Clermont, 133 AD3d 612, 615 [2015]).
In light of the foregoing, we need not address defendant's remaining contentions.
Accordingly, the judgment of conviction is reversed, the accusatory instrument charging defendant with driving while ability impaired is dismissed, and the fine and surcharge, if paid, are remitted.
BRANDS, J.P., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 27, 2018