People v Tyler (2023 NY Slip Op 02020)

People v Tyler

2023 NY Slip Op 02020

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2022-06307
 (Ind. No. 1150/21)

[*1]The People of the State of New York, appellant,
v
Milo Tyler, respondent.

Raymond A. Tierney, District Attorney, Riverhead, NY (Jonathan D. Estreich, Marion Tang, Glenn Green, and Pilar O'Rourke of counsel), for appellant.
Laurette D. Mulry, Riverhead, NY (Felice B. Milani and Matthew Hereth of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Suffolk County (Richard Ambro, J.), dated June 29, 2022, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the order is affirmed.
The defendant was indicted for criminal possession of a weapon in the second degree, among other crimes, and moved, inter alia, to suppress physical evidence and his statements to law enforcement officials. At a suppression hearing, a police officer testified that he effected a traffic stop of the defendant's vehicle after observing him driving at what the officer estimated to be a high rate of speed, and cross a double yellow line. The officer further testified that, during the traffic stop, he detected the smell of marihuana and saw an empty firearm holster in the rear pocket of the passenger-side seat, as well as a marihuana cigar and the corner of a plastic bag with a powdery substance in the center console. The officer directed the defendant to exit his vehicle and searched him, at which time the officer felt a firearm in the defendant's waistband. Following the suppression hearing, in an order dated June 29, 2022, the Supreme Court determined that the stop of the defendant's vehicle was not justified, and granted those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. The People appeal.
"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Hernandez, 40 AD3d 777, 778, 778; see People v Harris, 192 AD3d 151). "Once the People have met their initial burden, the defendant bears the ultimate burden of proving the illegality of the search and seizure" (People v Brown, 198 AD3d 803, 805). "[A] vehicular stop requires probable cause to believe that the driver has committed a traffic violation" (People v Wyatt, 153 AD3d 1371, 1372; see People v Spencer, 84 NY2d 749, 752; People v Robinson, 97 NY2d 341, 348-349). Probable cause exists when "an officer has knowledge of facts and circumstances sufficient to support a reasonable belief that an offense has been or is being committed" (People v Maldonado, 86 NY2d 631, 635 [internal [*2]quotation marks omitted]). "A police officer who can articulate credible facts establishing reasonable cause to believe that someone has violated a law has established a reasonable basis to effectuate a [traffic] stop" (People v Robinson, 97 NY2d at 354; see People v Guthrie, 25 NY3d 130, 133).
Here, the People failed to meet their burden of establishing the legality of the stop through the officer's testimony (see People v Harris, 192 AD3d at 151; People v Dixon, 184 AD2d 725). There was no evidence that the officer had been trained in visual speed estimation prior to the stop, or that the defendant's speed was imprudent or unreasonable under the conditions then existing (see Vehicle and Traffic Law § 1180[a]; cf. People v Wyatt, 153 AD3d at 1373; People v Scott, 189 AD3d 2110, 2110-2111; People v Miller, 57 AD3d 568, 570). Moreover, in making its suppression ruling, the Supreme Court, in effect, made a credibility assessment as to whether the officer saw the defendant's vehicle cross over the double yellow line (see Vehicle and Traffic Law § 1128[a]; People v McGreal, 190 AD2d 869; People v Anderson, 118 AD2d 788, 788), or had merely heard the defendant's vehicle hit a rumble strip separating the lanes of traffic. The court's credibility assessment in this regard is entitled to great deference on appeal (see People v Wilson, 211 AD3d 973), and we see no reason to disturb that finding.
Accordingly, the physical evidence and the defendant's statements to law enforcement officials were properly suppressed.
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court